## MAGNOLIA PETROLEUM CO. v. DUKES et al. (No. 3011.)*

(Court of Civil Appeals of Texas. Texarkana. Feb. 19, 1925. Rehearing Denied March 5, 1925.)

1. **Municipal corporations** ⬁706(8)—**Instruction on duty to yield right of way held warranted.**

Instruction as to truck driver's duty to yield right of way to vehicle approaching from right at street intersection *held* warranted by petition and evidence.

2. **Municipal corporations** ⬁705(2)—**Driver's duty under right of way statute stated.**

It was truck driver's duty under right of way statute to yield right of way at street intersection to automobile approaching from right at about same time if driver thereof signalled intent to turn to left into intersecting street.

3. **New trial** ⬁102(3)—**Denial for lack of diligence to discover new evidence held not abuse of discretion.**

Denial of new trial for newly discovered impeaching evidence that plaintiff's earning capacity did not exceed $10 per month, *held* not abuse of discretion, in view of lack of diligence by defendant's counsel, who had known plaintiff for some time, and was somewhat familiar with her financial ,condition, especially where plaintiff testified merely that she had made $100 in a month, and it was not shown what one of the witnesses would testify.

---

**4. Damages** ⊙═▷130(1) — **$1,500 for bruised breast, recurrent pains, loss of weight, and inability to do household work held not excessive.**

Verdict for $1,500 to woman considerably bruised on breast, suffering recurrent pains since time of accident, losing 15 pounds in weight, and unable to do household work she formerly did, *held* not excessive.

Appeal from District Court, Bowie County; Hugh Carney, Judge.

Action by G. C. Dukes and Mrs. V. M. Dukes against the Magnolia Petroleum Company. From a judgment for last-named plaintiff, defendant appeals. Affirmed.

King, Mahaffey & Wheeler, of Texarkana, for appellant.

Keeney & Dalby, of Texarkana, for appellees.

HODGES, J. This appeal is from a judgment in favor of Mrs. V. M. Dukes against the appellant for damages. It is based upon a claim for personal injuries sustained in an auto collision which occurred on the streets of Texarkana, Tex., in September, 1923. Mrs. Dukes was at the time in a Ford car, driving east on Seventh street. Appellant's truck, driven by an employee, was at the same time traveling south on Texas avenue. The cars collided at the crossing of those two streets. According to the testimony of Mrs. Dukes, a rain was falling, and the curtains of her car were up. She saw the truck coming as she approached the intersection. She was intending to turn north on Texas avenue by passing over to its east side, and she held out her hand as a signal of such intention. When the front wheels of her car were near the center of the crossing, and just as she was turning north, it was struck by the appellant's truck and pushed some distance south. A wheel and a fender were damaged, and she was thrown against the steering wheel and injured. The driver of the truck testified that he saw Mrs. Dukes' car approach from the west; that when she drove into Texas avenue she turned south near the west curbing, and he thought she would either stop in front of a store near that point, or would go on south; but that she, unexpectedly to him, turned across Texas avenue, and the collision became unavoidable. He also stated that both cars were traveling slowly at the time. In a trial before a jury a verdict was rendered in favor of Mrs. Dukes for the sum of $1,500.

[1] The court submitted the case on a general charge, of which the following is a part:

"You are further instructed that our statute provides that, excepting where controlled by such traffic ordinances or regulations enacted by local authorities as are permitted by this act, the operator of a vehicle approaching an intersection on a public highway shall yield the right of way to a vehicle approaching such intersection from the right of such first-named vehicle. Therefore, you are instructed that it was the duty of the defendant's driver of said truck, in approaching the intersection of Seventh street and Texas avenue, to yield the right of way to a vehicle approaching from the right; and if you find that said driver of said truck saw the vehicle of plaintiff approaching on his right, to wit, on Seventh street, and failed to yield the right of way to said vehicle, and that by reason thereof the collision occurred, then you will find for the plaintiff, unless you find for the defendant under other paragraphs of this charge. On the other hand, unless you believe from a preponderance of the evidence that it appeared to the driver of defendant's truck, as he approached the intersection of Seventh street and Texas avenue, that the plaintiff wanted the right of way across said intersection, then and in such event you could not find for the plaintiff on the ground that the defendant's driver had failed to yield to plaintiff the right of way."

This paragraph of the charge was objected to upon the ground that neither the pleadings nor the evidence presented an issue to which the statute referred to was applicable. The plaintiff's original petition, on which the case was tried, contained general averments of negligence on the part of the truck driver in causing the collision, and also the following:

"The plaintiff further shows to the court that she reached the intersection on said street and drove her car into the intersection of said street before the agent, servant, and employé of the defendant reached the intersection of said street, and was approaching said intersection from his right; and although she drove into said intersection before the defendant's agent and employé reached said point, he failed to check or stop the said truck which he was then driving, * * * and that his failure to stop or check said truck (together with other acts of negligence) was the proximate cause of the injury to the plaintiff."

[2] The pleadings, we think, were sufficient. The testimony showed that both cars approached the intersection at about the same time. Mrs. Dukes' car was to the right of the truck driver and a little in advance of the truck. If Mrs. Dukes gave the signal indicating that she intended to cross and turn into Texas avenue on the opposite side, it was the duty of the truck driver, under the provisions of the statute referred to, to yield the right of way. His failure to observe that regulation doubtless was the cause of the collision. The charge, we think, is not subject to the objections made.

[3] Appellant also assigned error to the refusal of the court to grant a new trial on the ground of newly discovered testimony. Mrs. Dukes had alleged in her petition that she was engaged in an occupation at which she earned $100 a month; that as a result of her injuries she had been rendered

unable to pursue that occupation, and the loss of those earnings is made a basis of some of the damages claimed. It developed on the trial that she was selling a hair tonic and shampoo made by Mrs. McCollom, who resided in Texarkana, Ark., and that she was also engaged in selling remedies manufactured by a medicine company of which one C. E. Folsom was the agent in Bowie county. One of the attorneys for the appellant made an affidavit that after the trial he had conferred with Mrs. McCollom regarding the probable profits of Mrs. Dukes in the sale of the hair tonic, and had been informed by Mrs. McCollom that Mrs. Dukes' sales were very small. He secured a promise from Mrs. McCollom to gather accurate information from her books and furnish it later. Affiant also stated that he subsequently applied to Mrs. McCollom for this information, and she declined to give it. He later propounded written. interrogatories, and sought to take her deposition. That deposition was not produced on the trial, and there is nothing in the record to indicate what it disclosed, nor is there any statement from Mrs. McCollom as to what she would testify upon a future trial. On the contrary, appellant's brief indicates that Mrs. McCollom was indisposed to give any information that would be of any benefit to the appellant in another trial. The judgment of the court recites that the motion for a new trial was overruled after hearing evidence. What evidence was produced on that hearing has not been brought forward in the record.

An affidavit by Folsom states, in substance, that he was engaged in selling the products handled by Mrs. Dukes, and had supplied her with what she sold; that he was acquainted with her profits resulting from the sale of those articles during the preceding year, and that these had not exceeded an average of $10 per month; that if she obtained those products from any other source he knew nothing of it. The purpose of this testimony was to impeach the testimony of Mrs. Dukes that she was making $100 a month from those two agencies. She did not testify that she made $100 every month. Her language was:

"Before this (the accident) I was able to do all my housework, and I also had the agency for the Watkins products, and sold Mary Wyatt shampoo and hair tonic. I worked the town here, and then went out of town to the nearby towns and sold the Mary Wyatt hair tonic and shampoo. I have made $6 or $7 in three hours. I have made $100 a month out of it. I have been selling the Watkins products for several months; and the other, I have been doing that for three years."

We do not think the court abused his discretion in overruling the motion for a new trial upon that ground. The record shows that the. leading counsel for appellant in the trial of the case had known Mrs. Dukes for some time, while she was living as a tenant in one of his houses, and that he was to some extent familiar with her financial condition. He also must have known of the averment in her pleading that she claimed her earning capacity as $100 per month. That· put the appellant upon notice of the extent of her claim for loss of employment, and logically suggested the necessity of preparing to meet that particular issue on the trial.

[4] Appellant also insists that the judgment is excessive. Mrs. Dukes testified that she was considerably bruised on the breast, and that since that time she had at intervals suffered much and was still suffering recurrent pains; that she had lost 15 pounds in weight, and since the injury had been unable to do the work she formerly did in the performance of her household duties. If her statements as to the extent of her injuries are true, we are not prepared to say that the judgment is excessive.

There .are some other assignments of error, which we overrule without discussion.

The judgment will be affirmed.