**TARRY WAREHOUSE & STORAGE CO. v. PRICE.**

**No. 12985.**

Court of Civil Appeals of Texas. Fort Worth.

Sept. 14, 1934.

Rehearing Denied Oct. 26, 1934.

Lightfoot & Robertson and Nelson L. Scurlock, all of Fort Worth, for appellant.

Julien C. Hyer and A. W. Christian, both of Fort Worth, for appellee.

LATTIMORE, Justice.

This is an appeal by defendant from a judgment for personal injuries.

Appellee was a passenger on a truck which had a trailer attached. On the paved highway and outside any city limits, motor trouble developed, and the driver stopped his truck partly off the paved highway. Appellee went between the truck and trailer to work on the gasoline line. It was at night. Appellant's truck ran into the rear end of the trailer, and appellee was injured.

The jury found, on special issues, the appellant guilty of negligence.

The appellant, by numerous requested issues, raises the contention that the trial court should have submitted to the jury the issue of contributory negligence of the plaintiff in being in between the car and the trailer. The court did not submit the issue of contributory negligence, being impelled, we assume, by reliance on the argument of appellee that the act of the truck driver was a violation of the criminal laws of the state. The law does require the driver in such a case as defendant's to pass plaintiff to the left. The abstract statement is ofttimes made that a person is not required to anticipate that another will violate the law, but this is not a correct statement of the rule applicable. It is more correct to say that he is not required to anticipate those violations he does not know of, or those which a reasonably prudent person similarly situated would not reasonably anticipate. His duty to use ordinary care to protect himself does not diminish. The quantum of diligence demanded may vary as the circumstances change.

With what everyone knows to be the conditions of modern traffic on public highways, we think it cannot be said as a matter of law that appellee was not required to take any precautions against being injured from such a cause. It was for the jury to say whether he was negligent in being in the place he was and in the manner he was and under circumstances existing. St. L. S. W. Ry. Co. v. Arey, 107 Tex. 366, 179 S. W. 860, L. R. A. 1916B, 1065; I. & G. N. Ry. v. Edwards, 100 Tex. 22, 93 S. W. 106.

 A part of the truck and trailer in which appellee was riding was parked on the pavement, and it is disputed whether the same could have been driven safely completely off the pavement. Chapter 42, Acts of the 41st Legislature (1929), 2d Called Session (Vernon's Ann. P. C. art. 827a, § 10), forbids parking "upon the paved or improved or main traveled portion of any highway * * * when it is possible to park" off said portion. It was passed with a criminal penalty attached. The objection is made to it that it is too vague to be constitutional. Without passing on the enforceability of the portion prohibiting parking on "improved or main traveled portion," we believe it evident that the legislative intent was to enact the remainder of the act as prohibits such parking on the pavement, even though the portion referring to the "improved or main traveled" portions be stricken. So holding, we believe the act raises more plainly the jury issue of contributory negligence, for, if appellee was at work on a car parked in a prohibited manner, the question of the reasonableness of requiring him to look out for cars approaching from the rear is the more clearly injected into the case. We do not rest our decision on that statute, but make this statement for the guidance of the trial judge.

The judgment of the trial court is reversed, and the cause is remanded to be tried in accordance with this opinion.

On Motion for Rehearing.

Appellee has filed a forceful motion for rehearing. I. & G. N. Ry. Co. v. Gray, 65 Tex. 32, and G., C. & S. F. Ry. v. Shieder, 88 Tex. 152, 30 S. W. 902, 28 L. R. A. 538, are authority for our holding; each stating that the issue was one of fact. In Fort Worth & D. C. Ry. Co. v. Shetter, 94 Tex. 196, 59 S. W. 533, the court was discussing discovered peril. The duty to act does not in such issue arise until actual discovery, and the court said that it was not sufficient to show that the brakeman knew the plaintiff to be in a place where he could by violating the law get into a position of peril, absent proof the brakeman knew he had such intention. It is not in point.

The statement quoted from Ward v. Cathey (Tex. Civ. App.) 210 S. W. 289, is an abstraction. It sounds favorable to appellee, but an examination of the opinion shows the quotation was dictum. There the issue of contributory negligence of deceased's not keeping a lookout was submitted to the jury and found favorable to plaintiff. That case on the facts illustrates fully, however, the statement made in our original opinion that situations have existed and will exist where, as a matter of law, it can be said that one would not reasonably foresee that a lookout for his safety was necessary. In moments of life, occasions arise where one must anticipate a violation of the law placing him in danger, others where it is a fact issue whether anticipation is required, and still others where, as a matter of law, anticipation is not within the bounds of ordinary care.

The motion for rehearing is overruled.