## SCHUHMACHER CO. v. BAHN.

No. 8023.

Court of Civil Appeals of Texas. Austin.

Dec. 19, 1934.

Rehearing Denied Jan. 16, 1935.

White, Taylor & Gardner, of Austin, and Touchstone, Wight, Gormley & Price, of Dallas, for appellant.

Polk Shelton and Henry H. Brooks, both of Austin, for appellee.

BLAIR, Justice.

Appellee, G. A. Bahn, sued appellant, the Schuhmacher Company, for damages resulting from the collision of its truck with his automobile, at the intersection of Seventh and

Comal streets, in Austin. Appellee was driving his automobile in a westerly direction on Seventh street, and the agent of appellant was driving its truck in a northerly direction on Comal street when the truck ran into the automobile, striking "the middle of the car" on the left side. Appellee alleged and the jury found that the truck driver was guilty of negligence which proximately caused the collision and damages, as follows: (a) In driving the truck in excess of 20 miles per hour within the corporate limits of the city of Austin; (b) in failing to keep a proper lookout on approaching the street intersection; (c) in failing to yield the right of way to appellee on approaching the street intersection from the left, as required by statute; (d) in operating the truck partly on the left-hand side of Comal street, as it approached the street intersection and at the time of the collision.

Appellant plead the contributory negligence of appellee as the proximate cause of the collision, alleging that he was driving his automobile in excess of 20 miles per hour within the corporate limits of the city of Austin, and that he failed to keep a proper lookout, failed to sound the horn, and failed to apply the brakes on approaching the street intersection. On these issues the jury found as follows: (a) That appellee was not driving his automobile in excess of 20 miles per hour; (b) that appellee failed to keep a proper lookout on approaching the street intersection, that such failure was negligence, but that such negligence neither proximately caused nor contributed to cause the collision; (c) that appellee failed to sound the horn on approaching the street intersection, but that such failure was not negligence and neither proximately caused nor contributed to cause the collision; (d) that appellee did not apply the brakes on approaching the street intersection, but that such failure was not negligence, and neither proximately caused nor contributed to cause the collision.

Pursuant to the findings of the jury, judgment was rendered in favor of appellee for $4,548.17; hence this appeal.

On approaching the street intersection and at the time of the collision appellant's truck was being driven at an estimated speed of from 35 to 40 miles per hour. It ran head-on into the left side of the automobile, striking "the middle of car," after a portion of the car had crossed the center line of Comal street in the intersection. The truck was being operated at the time with its left wheels on the left-hand side or beyond the center of Comal street on which it approached and attempted to cross the street intersection. On approaching the street intersection and at the time of the collision, appellee was not operating his automobile in excess of 20 miles per hour. At the time the witnesses first saw the approaching vehicles, the automobile was about 20 feet and the truck was about 40 feet from the street intersection; the automobile approaching from the right and the truck from the left. The car reached the street intersection first and proceeded until a portion of it was beyond the center line of the intersection, where the collision occurred. Appellee testified: That on approaching the street intersection he looked ahead and to the right for approaching traffic, saw his way clear, and proceeded straight ahead; that he did not look to the left, because he thought he had the right of way over traffic approaching from the left; that he did not see the approaching truck and never knew what struck him, being rendered unconscious by injury received in the collision. Two disinterested witnesses who were near the street intersection and saw the collision gave the evidence as to the position and speed of the vehicles. Appellant offered no testimony as to how the collision occurred.

It is not nor could it be contended that the evidence does not fully support the findings of the jury that the truck driver was guilty of the various acts of negligence charged, and found to be the proximate cause of the collision and resulting damages. However, appellant contends that the evidence showed appellee to be guilty of contributory negligence which proximately caused the collision as a matter of law, and which should bar any recovery. That is, by several propositions appellant contends in substance that since appellee admitted that he did not look to the left on approaching the street intersection, and did not slow down, or sound the horn, or apply the brakes, and admitted that if he had done so the collision would have been avoided; and since the jury found that appellee was negligent in failing to keep a proper lookout on approaching the street intersection, the further finding of the jury that such negligence neither proximately caused nor contributed to cause the collision should be set aside as having no support in the evidence as a matter of law.

Appellee did not testify that if he had looked to the left and seen the truck approaching the street intersection at the speed and in the manner testified to by the witnesses he would or could have stopped his automobile in time to have avoided the collision. He made some such answer to hypothetical questions not in-

volving the circumstances under which the witness testified the collision occurred. Appellant's propositions also erroneously assume that, because the jury found appellee guilty of negligence in failing to look to the left on approaching the street intersection, such negligence was the proximate cause of the collision as a matter of law, notwithstanding the fully supported findings of the jury that appellant's truck driver was guilty of the various acts of negligence charged, and found by the jury to be the proximate cause of the collision and resulting damages.

■ The reported cases show that in many instances the collision of motor vehicles, especially at street intersections, occur as the result of the negligence of both parties; and in such cases it is held that the ultimate question for determination is whether the one party and the other was in a better position to avert the collision, or as to whether the conduct of the one and the other was the proximate cause of the collision and resulting injury. This rule does not extend to facts establishing mutual responsibility for a collision; nor to facts showing one party reckless and the other grossly negligent, and where both were violating some statutory law or ordinance at the time of the collision. Such cases are usually disposed of under the theory that they involve the doctrine of comparative negligence, which is not recognized in Texas. Section 5, Tex. Jur. 688, and cases there cited. But in circumstances permitting a conclusion that the defendant was in a better situation to prevent the collision at a street intersection, the probative effect of his violation of statutory law or ordinances governing the manner of his approach and use of the intersection, and the right of the plaintiff to rely upon defendant's observation of such laws, may be considered by the jury in determining the proximate cause of the collision. This rule is stated in 5 Tex. Jur. 690, § 94, as follows: "Ultimately, no doubt, the question as to the responsibility of the one party and the other is to be resolved with a view to what they knew and what they did; and the probative importance of a violation of law on the part of either depends upon the showing as to whether the other governed his conduct in the belief and expectation that the wrongdoer would observe the statutory requirement. If the evidence establishes directly or inferentially that he acted upon the supposition that the law would be obeyed by his opponent, a prima facie case for recovery is presented; nor is he to be deemed to have been responsible because he failed to antici-

pate that his opponent would violate the statutory requirement." Magnolia Petroleum Co. v. Dukes (Tex. Civ. App.) 269 S. W. 819; Ward v. Cathey (Tex. Civ. App.) 210 S. W. 289, 291 (writ of error refused); Bartley v. Marino (Tex. Civ. App.) 158 S. W. 1156.

Appellee testified that in approaching the street intersection he looked ahead and to the right for approaching traffic, and was traveling at a lawful rate of speed; that he did not look to the left, because he thought he had the right of way over traffic approaching the street intersection from the left. Article 801 of the Penal Code provides that: "The operator of a vehicle approaching an intersection on the public highway shall yield the right-of-way to a vehicle approaching such intersection from the right of such first named vehicle."

■■ The undisputed evidence showed that appellant's truck driver approached and attempted to cross the street intersection in violation of this statute, driving at a rate of speed prohibited by law. Thus it was shown that appellee approached the street intersection, operating his car in a lawful manner, while appellant's truck driver failed to observe the statutory duty imposed upon him in the premises stated; and these facts bring the case clearly within the rule that, in circumstances permitting a conclusion that the defendant was in a better situation to prevent the collision, the ultimate issue for determination is whether as a matter of fact the unlawful acts of the defendant proximately caused the collision. In fact the purpose of the statute giving right of way to motorists approaching from the right was simply to require that motorists from the left should place themselves in a position on approaching street intersections to prevent collisions, because they are required to observe traffic from the right and yield the right of way to such traffic. So it is apparent that one cannot relieve himself from this statutory duty merely upon the claim that the motorist from the right might not have acted prudently in crossing the intersection without first looking for traffic approaching from the left. We therefore conclude that the evidence fully sustains the finding of the jury that the negligence of appellee in failing to look to the left neither proximately caused nor contributed to cause the collision, when tested by the often stated and settled rule in this state, "that proximate cause is a question of fact for the jury. It can only become a question of law when the facts and circumstances are such but that one reasonable conclusion can

be drawn therefrom." International-Great Northern R. Co. v. Casey (Tex. Com. App.) 46 S.W.(2d) 669, 671.

But appellant says that appellee having admitted that he did not look for traffic approaching from the left, he could not rely upon the assumption that the truck driver approaching from the left would observe the law; and that to permit him to do so would violate the rule that an automobilist from the right may rely upon his statutory right of way only until he becomes, or in the exercise of due care should become, aware of conditions which call for action on his part; at which time it becomes his duty to act for his own safety, if reasonably possible. The rule stated has no application to the undisputed facts in the instant case; and is too limited. In 47 A. L. R. 623, where an extensive review and annotation of the decisions of several states and foreign countries under the headings "Right-of-way," "Street Intersections," and "Right to assume other traveler will use due care," is made, the true rule is stated as follows: "Automobilist approaching intersection from the right and having the statutory right of way is not guilty of contributory negligence in proceeding to cross in front of automobile from the left, seen approaching at a rate of speed in excess of that allowed by statute at intersections, there being ample opportunity for the driver of the car from the left to slow down before reaching the intersection and thus avoid collision; though some duty might be cast upon him if a collision was imminent and impossible to otherwise avoid; having the statutory right of way, he is justified in assuming that the car from the left will slow down when nearing the crossing, both because the law requires it, and because it may be necessary to do so to let automobilist from the right cross first."

The undisputed testimony in the instant case showed that appellee's automobile reached the street intersection first, traveling at a lawful rate of speed; and therefore had the statutory right of way over appellant's truck approaching the street intersection from the left. The testimony was also undisputed that the truck was being driven at an unlawful speed of from 35 to 40 miles per hour from the time it was first seen 40 feet from the street intersection up to the point of the collision. Had appellee looked to the left at the time his car was first seen 20 feet from the intersection, or at the time he reached the intersection, he would have seen the truck approaching in the manner and at the speed above detailed. So, in either event, under the above-quoted rule appellee would have been justified in assuming that the truck from the left would slow down when nearing the street intersection, or at least before it proceeded approximately 68 feet from the place first seen to the point of the collision, both because the law required it, and because it might be necessary to do so to let appellee's car from the right cross the intersection first. A mathematical calculation shows that if the automobile continued at the speed of 20 miles per hour from the place first seen by the witnesses, 20 feet from the street intersection, and the truck continued at the estimated speed of 35 miles per hour from the place first seen, 40 feet from the street intersection, the automobile would have reached the street intersection first, and the collision would have occurred within 3 or 4 feet of where it did occur. So from these facts and circumstances the jury could have reasonably inferred and concluded that if the truck driver had slowed the speed of the truck at all the collision would not have occurred, because the truck struck "the middle of the car," and by slowing the speed of the truck for a moment the car would have been given time to pass. The jury could also have concluded that if the truck had been operated on its lawful side of the street the car would have had time to have crossed the intersection first. The jury had the right to consider all of these facts and circumstances in determining the issues submitted as to whether the negligent acts of the truck driver proximately caused the collision; or whether the negligence of appellee in failing to look to the left on approaching the street intersection proximately caused or contributed to cause the collision. Both actionable negligence and contributory negligence consist of two elements: (1) negligence; and (2) proximate cause, which are ordinarily, and were in the instant case, jury questions. And as pointed out in the cases annotated by the authority, 47 A. L. R. 623, supra, that in the premises stated it might have been prudent for appellee to have stopped, and had he done so the collision would not have occurred. "But to hold that it is the duty of one who is within the law to take some step to avoid, because another person is approaching the crossing at too rapid a rate of speed, would be to put a premium upon reckless driving," and if not upon lawlessness.

Under the facts detailed the issue was not raised, and the trial court did not err in

refusing to submit the requested issue of unavoidable accident.

The judgment of the trial court will be affirmed.

Affirmed.