**RODDY v. HERREN et al.**

No. 10711.

Court of Civil Appeals of Texas.
Galveston.

Feb. 9, 1939.

Rehearing Denied March 1, 1939.

1058

Wood & Morrow and M. S. McCorquodale, all of Houston, for appellant.

Warren P. Castle, of Houston, for appellees.

GRAVES, Justice:

This statement, thought to be correct, is taken from appellant's brief:

"Plaintiffs below, the St. Paul Fire & Marine Insurance Company and E. L. Herren, sued Coleman Roddy, defendant below, for property damage done to an automobile owned by Mr. and Mrs. E. L. Herren in a collision with a truck owned by the defendant Roddy. Under a subrogation agreement, the Insurance Company paid Herren all but $50.00 of his claim and sued to recover from Roddy. Herren sued for $50.00.

"The Herren car was driven by Mrs. E. L. Herren, wife of the plaintiff. The truck, owned by Coleman Roddy, was driven by an employee, J. W. Young, acting within the scope of his employment.

"Trial by a jury was waived. The court, after hearing the evidence rendered judgment in favor of the plaintiffs against defendant and defendant appealed. Conceding that the evidence is sufficient to sustain the finding of the trial court that the defendant was negligent, the defendant appeals upon the sole ground that under the evidence offered by the plaintiff and under the undisputed evidence, Mrs. E. L. Herren was guilty of contributory negligence which proximately caused the collision in question, as a matter of law.

"The accident occurred at about 3 P. M. Saturday, April 4, 1936, within the city limits of Houston, at the intersection of Telephone Road and Griggs Road."

■ Under its conclusion that the trial court was correct in holding Mrs. Herren not shown to have been guilty of contributory negligence that constituted the proximate cause of the collision, no written opinion is required of this court; however, this much of the appellee's brief is quoted with approval, as showing the main grounds upon which an affirmance is ordered:

"If there is any evidence of contributory negligence, it is rebutted by evidence of due care by Mrs. Herren. If all the evidence proves contributory negligence, then the effect of contributory negligence as the proximate cause of the collision is prevented by the intervention of Young's knowledge of the danger and his failure to prevent the collision. Plaintiffs will first show that contributory negligence does not exist as a matter of law; and will then show that even if it did exist, it was noneffective by reason of the intervention of

the knowledge of Young of the danger and his failure to use due care to prevent the collision.

Contributory Negligence.

"Art. 801 (K), Vernon's Ann.P.C., reads as follows:

"'The person in charge of any vehicle upon any public highway before turning, stopping or changing the course of such vehicle shall see first that there is sufficient space for such movement to be made in safety, and if the movement or operation of other vehicles may reasonably be affected by such turning, stopping or changing of course, shall give plainly visible or audible signal to the person operating, driving or in charge of such vehicle of his intentions so to turn, stop or change said course.'

"Art. 801 (G) of said Penal Code, reads as follows:

"'All vehicles approaching an intersection of the public highway with the intention of turning thereat shall, in turning to the right, keep to the right of the center of such intersection, and in turning to the left, shall run beyond the center of such intersection, passing to the right before turning such vehicle to the left.'

"Defendant urges that both of those Articles 801 (G) and 801 (K) were violated by Mrs. Herren, and that thereby she is guilty of negligence per se, and that such negligence was the proximate cause of the collision. Defendant's positions as to both, (G) and (K), are untenable.

"There is evidence that Mrs. Herren approached the intersection with the intention of turning to the left thereat, and that she ran beyond the center of the intersection by passing on the right side of the center line of Telephone Road, and that she then turned her vehicle to the left and placed her car upon the right-hand side of the center line of Griggs Road.

"There is evidence that Mrs. Herren just before making the left-hand turn first saw that there was sufficient space for such left-hand turn to be made in safety, because she looked ahead and saw the truck coming a block away with nothing intervening, and then she looked in her rear-view mirror and saw that no traffic was coming from behind that would interfere with her turn; then she looked again ahead and saw the truck a little nearer to her at a point over one-half block (150 feet) away and coming at a rate of speed that she could not estimate. Unless she knew to the contrary, she had a right to presume that the truck was coming within the rate of speed required by law (18 miles per hour in cities, Section 8, Art. 827a, Vernon's Ann.P.C.), and that she could safely make the turn at the rate of 10 or 12 miles per hour that she went. Mrs. Herren complied with Article 801(K) by the visible sign of holding out her hand and by the audible sign of honking her horn, both being directed to the person driving the truck to inform such person that Mrs. Herren intended to change her course—the sign of the hand showing that she intended to make a left-hand turn.

"Tony was near the collision at Griggs Road and Telephone Road; he was driving a truck to the east. At the time of the collision he was about 30 feet from the intersection and travelling the Telephone Road; and an automobile (Mrs. Herren's) passed him in the same direction; the automobile was right at the intersection and near the center of Telephone Road; at that point Telephone Road is about 60 feet wide from curb to curb. Tony saw a truck approaching from the other direction. It was about a 2-1/2 ton truck and about 100 yards from the railroad when he first saw it, and when Mrs. Herren's automobile was getting ready to turn at the intersection; as the truck approached the intersection, the pavement there was slick from a little rain, and as the truck started across the railroad, the brakes were applied and the wheels skidded, and then the brakes were released and the truck plowed into the car; the truck was going 45 miles an hour as it didn't check the speed very much since the ground was slippery; the truck had a pretty large load. The truck skidded past the car some 50 or 60 feet on Telephone Road.

"A person is not required to anticipate those violations of automobile traffic-laws which he does not know of, or which a reasonably prudent person similarly situated would not reasonably anticipate. Tarry Warehouse & Storage Co. v. Price, Tex.Civ.App., 76 S.W.2d 162.

"A motorist on the right is not contributorily negligent in crossing an intersection in front of a motorist seen approaching from the left at speed exceeding the limit, where the motorist on the left has ample opportunity to slow down in time, since the motorist on the right is justified in assuming that the motorist on the left

will slow down when nearing the intersection. Schuhmacher Co. v. Bahn, Tex.Civ.App., 78 S.W.2d 205.

"A driver of an automobile approaching a street intersection, finding no one approaching from the right within such distance as to reasonably indicate danger of collision, may proceed. Vernon's Ann.P.C. Art. 801 (E), Jimmie Guest Motor Co. v. Olcott, Tex.Civ.App., 26 S.W.2d 373, error dismissed.

"There is testimony that Young, the truck driver, was looking straight ahead. This alone supports the inference that he saw Mrs. Herren make the left-hand turn. At the rate he knew he was travelling, he became bound to avoid the peril of Mrs. Herren. This he did not do. Hines v. Arrant, Tex.Civ.App., 225 S.W. 767."

Affirmed.