## BUCHANAN et al. v. LANG.

### No. 3004.

Court of Civil Appeals of Texas.
Waco.

March 6, 1952.

Rehearing Denied April 3, 1952.

John M. Barron, Bryan, R. E. Keeton, Dallas, Baker, Botts, Andrews & Parish, Houston, for appellants.

John M. Lawrence, III., Bryan, Richard H. Cocke, Dallas, for appellee.

HALE, Justice.

The parties to this appeal will be referred to as they were in the trial court. Plaintiff sued defendants for damages on account of injuries resulting from a collision between two automobiles. The collision occurred within the southwest quarter of

a street intersection in the City of Bryan where there were no traffic control signals. Plaintiff was driving south and defendant Buchanan was driving east at and immediately prior to the time of the wreck. Plaintiff alleged that the collision was proximately caused by certain specific acts of negligence on the part of defendant Buchanan. Defendants answered with a general denial, a plea of unavoidable accident and a general allegation that plaintiff "was guilty of negligence which proximately caused the accident." The case was tried before a jury. Upon the answers of the jury to special issues, the court rendered judgment for plaintiff and defendants have appealed.

Defendants contend here, as they did in the trial court, that they were entitled to judgment in their favor because they say plaintiff was guilty of contributory negligence as shown by the verdict of the jury and the undisputed evidence in the case. If they are correct in this contention, the judgment appealed from should be reversed and judgment should be here rendered that plaintiff take nothing; otherwise, the judgment should be affirmed.

The jury found in substance that plaintiff entered the intersection before Buchanan did; that Buchanan was negligent in failing to yield the right of way to plaintiff, in failing to keep a proper lookout, and in driving at an excessive rate of speed, and that such negligence was in each particular a proximate cause of the collision; that the amount of plaintiff's compensatory damages was $4750; that plaintiff did not fail to keep a proper lookout, did not drive at an excessive rate of speed and his failure to yield the right of way to Buchanan was not a proximate cause of the collision; and that the collision was not the result of an unavoidable accident. No contention is here made that the evidence was insufficient to support the findings of the jury on the foregoing issues of primary negligence.

Although the jury did not expressly find any negligence on the part of plaintiff or any causal connection between his conduct and the injuries of which he complains,

it did return an affirmative answer to Special Issue No. 19, which was as follows: "Do you find from a preponderance of the evidence that the approach of defendant's vehicle on the occasion in question was open and obvious?" In connection with this issue the trial court instructed the jury: "By 'open and obvious' is meant that the approach of defendant's vehicle would have been noticed by a person of ordinary prudence, in the exercise of ordinary care, under the same circumstances, or under circumstances similar to those the plaintiff was in, as he approached and entered the intersection." Defendants say the answer of the jury to this issue and the undisputed evidence pertinent thereto conclusively precluded plaintiff from any right of recovery in the case.

Under the provisions of Rule 94, T.R.C.P., contributory negligence must be affirmatively pleaded in order to be available as a ground of defense to an action for damages on account of injuries proximately caused by the negligence of a defendant. Rule 279 T.R.C.P. provides that when the trial court submits a case to a jury on special issues, he shall submit the controlling issues made by the written pleadings and the evidence, and, except in certain instances therein set forth, a party shall not be entitled to an affirmative submission of any issue in his behalf where such issue is raised only by a general denial and not by an affirmative written pleading on his part. It is elemental that the trial judge should not submit any issue to a jury in language that renders the meaning thereof indefinite or uncertain and he should not submit any issue which is argumentative in nature and relates only to evidentiary matters.

It appears to us that Special Issue No. 19 as submitted and the court's instruction in connection with the same were each patently erroneous, both in substance and form, and that neither should have been given to the jury. Not only were they vague, indefinite and uncertain in meaning, but they did not submit to the jury any ultimate, controlling issue of fact raised by the pleadings or tendered by the evi-

dence, in that they did not require or permit the jury to find that the plaintiff did anything or that he failed to do anything on the occasion in question, or that any act of his, whether of omission or commission, constituted negligence or that such negligence on his part, if any, proximately caused or contributed to cause the injuries and damages of which he complained. Defendants did not plead that plaintiff voluntarily exposed himself to any known danger or to the risk of any danger that was open and obvious.

Defendants apparently admit that the answer of the jury to this issue did not, in and of itself alone, establish contributory negligence on the part of plaintiff, but they argue in effect that since the jury thereby found, as shown by the undisputed evidence, that there were no obstructions which would prevent the approach of defendant's vehicle from being open and obvious to plaintiff as he approached and entered the intersection, it necessarily follows that plaintiff either saw or in the exercise of ordinary care should have seen the approach of defendant's car. They further argue that if plaintiff saw the approach of defendant's vehicle, then in the exercise of ordinary care he should have yielded the right of way in order to avoid the collision, and if he did not see the same, then he should have done so and that he was necessarily negligent either in failing to yield the right of way or in failing to keep a proper lookout, and that such negligence in either event was necessarily a proximate cause of the collision. While the arguments thus advanced in this court by defendants might well have been persuasive before the jurors on the ultimate issues of fact which the trial court properly submitted to them for their determination, the record discloses that the jurors did not agree with such arguments, because they returned a negative answer to the issues upon which such arguments rest. Special Issue No. 7 was: "Do you find from a preponderance of the evidence that the plaintiff's failure to give the defendant's vehicle the privilege of immediate use of the street was a proximate cause of the

collision in question?" Answer "No." Special Issue No. 20 was: "Do you find from a preponderance of the evidence that plaintiff failed to keep such a lookout for other traffic, including defendant's vehicle, as would have been kept by a person of ordinary prudence, in the exercise of ordinary care, under the same or similar circumstances?" Answer "No."

Plaintiff testified in substance that he looked for approaching traffic from the right when the front end of his car was about 10 feet from the nearest edge of the intersection and he looked again when his car was entering the intersection but he did not see any car coming from that direction until he heard the sound of a motor vehicle, and when he looked the third time he saw the approaching car within two car lengths of him; that the front end of his car was at or near the south line of the intersection when the front end of defendant's vehicle struck the right side of his car; that there were no obstructions which would have prevented him from seeing the approaching car when it was a block from the intersection if at the times he looked he had focused his attention that far down the street to his right; and that if he had seen the defendant's vehicle approaching when he entered the intersection, he doubtless could and would have stopped his car in an effort to have avoided the collision. While defendant Buchanan testified that he was traveling at a rate of speed of 25 to 30 miles per hour at the time of the collision, the testimony as a whole, including the force of the impact as evidenced by the circumstances existing immediately after the collision, would have warranted the jury in concluding that he was traveling at a rate of speed far in excess of 30 miles per hour at and prior to the time of the crash.

Section 71(a) of Art. 6701d, Vernon's Tex.Civ.Stats., known as the Uniform Act Regulating Traffic on Highways, expressly provides that the driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different

highway. In the case of Tarry Warehouse & Storage Co. v. Price, Tex.Civ.App., 76 S.W.2d 162 (er. dis.), it was said that a person is not required to anticipate those violations of automobile traffic laws which he does not know of, or those which a reasonably prudent person similarly situated would not reasonably anticipate. Therefore, since the plaintiff in this case entered the intersection where the collision occurred before Buchanan entered the same, plaintiff was not necessarily required to anticipate that Buchanan would not yield the right of way to him. Furthermore, in the exercise of ordinary care to keep a proper lookout for his own safety before entering or proceeding through the intersection, plaintiff was not necessarily required to foresee that Buchanan or any other person would approach the intersection at an excessive and dangerous rate of speed or that such person would not slacken his speed before reaching or entering the intersection. Jimmie Guest Motor Co. v. Olcott, Tex.Civ.App., 26 S.W.2d 373 (er. dis.); Schuhmacher Co. v. Bahn, Tex.Civ. App., 78 S.W.2d 205 (er. dis.); Roddy v. Herren, Tex.Civ.App., 125 S.W.2d 1057.

After carefully inspecting the entire record, we have concluded that neither the answer of the jury to Special Issue No. 19 nor the evidence in the case, whether such answer and the evidence pertinent thereto be considered separately or together, conclusively established the fact that plaintiff failed to keep a proper lookout on the occasion in question, or that his failure to do so or to yield the right of way to Buchanan was a proximate cause of the collision and injuries of which he complains. Seinsheimer v. Burkhart, 132 Tex. 336, 122 S.W.2d 1063; Pure Oil Co. v. Crabb, Tex.Civ.App., 151 S.W.2d 962 (er. ref. n. r. e.); Brooks v. Enriquez, Tex.Civ.App., 172 S.W.2d 794 (er. ref.).

Having concluded that defendants were not entitled to a judgment in their favor in the court below, the judgment appealed from is affirmed.

LESTER, C. J., took no part in the consideration or disposition of this case.