**Luther H. MILLER, Appellant,**

v.

**William TILTON et ux., Appellees.**

No. 15706.

Court of Civil Appeals of Texas.

Fort Worth.

March 30, 1956.

Rehearing Denied April 27, 1956.

Hinson & Neal, Graham, Walter Powell Gray and Park Street, San Antonio, for appellant.

Marshall, King & Jennings and Frank Jennings, Graham, Blanchard & Clifford, and Wm. A. Clifford, Lubbock, for appellees.

RENFRO, Justice.

Suit was brought by Mr. and Mrs. Tilton, appellees, against Luther H. Miller, appellant, for damages for personal injuries to themselves and for injuries resulting in the death of their three year old daughter as the result of a collision between an automobile driven by appellant and an automobile driven by Mr. Tilton. Based upon a jury verdict, the court entered judgment in the total sum of $13,382.45, from which appellant has prosecuted this appeal.

The jury found that appellant (a) failed to keep a proper lookout; (b) failed to stop at a stop sign before entering upon Highway 199; (c) failed to yield the right of way to appellees in the intersection of Highway 199 and Farm to Market Road No. 61; (d) failed to have his automobile under proper control; (e) drove his automobile at a greater rate of speed than a reasonably prudent person would have driven under the same or similar circumstances; and that each of the above acts was negligence and a proximate cause of the collision in question.

The jury found that appellee Tilton kept a proper lookout on the occasion in question; that he was driving at a speed in excess of 30 miles per hour and at an excessive speed but such speed was not a proximate cause of the collision; and he failed to apply his brakes but such failure was not negligence. The jury found further that Tilton did not drive into the intersection without first ascertaining that the way was clear of traffic approaching the intersection with the cross road, and that he did not fail to slow down upon approaching the intersection.

It is not contended that the evidence does not fully support the findings of the jury convicting the appellant of acts of negligence, found to be the proximate cause of the collision. The appellant does, by appropriate points of error, contend that the answers of the jury that the negligence of appellee Tilton did not proximately contribute to the injuries were against the overwhelming weight of the evidence and that the jury having found Tilton was guilty of negligence in driving at a speed in excess of the lawful limit, proximate cause of the collision by reason of such negligence appears as a matter of law, and the finding that Tilton failed to apply his brakes was not negligence was against the overwhelming weight of the evidence and was contributory negligence as a matter of law.

Tilton and his family were traveling west on State Highway 199, a through highway, and appellant was traveling north on Farm to Market Road No. 61. As appellant approached the intersection he was confronted with signs reading, "Dangerous Intersection 1000 feet"; "Stop Ahead 500 feet"; "Intersection 199 and 61" at 300 feet; and at the entrance to the intersection a sign 2 feet by 6 feet, which read, "Stop". As appellee Tilton approached the intersection on Highway 199 he was confronted with a sign reading, "Dangerous Intersection 1000 feet"; at about 800 feet a sign indicating a cross road; at about 500 feet a "Slow" sign; and at about 250 feet before reaching the intersection a sign showing a 30 mile per hour speed limit. He testified he was familiar with the intersection of Highway 199 and Farm to Market Road 61 and knew about the stop sign, etc., there.

According to the evidence there was no stop sign for vehicles traveling in the direction in which appellees were traveling on State Highway 199. So appellee Tilton knew that the stop sign was on Farm to Market Road 61 confronting traffic approaching State Highway 199. He testified, and the jury found, that the intersection was clear as he approached it and that he slackened his speed prior to entering the intersection. However, he was traveling approximately 50 miles an hour when he entered the intersection. The evidence is clear that appellees entered the intersection

prior to the time appellant entered same and that the front end of appellant's car struck the side of appellees' car near the rear.

It was held by the Supreme Court in Lang v. Henderson, 147 Tex. 353, 215 S.W.2d 585, 587, that "contributory negligence is generally, by reason of the very nature of the defense, one of fact for the jury to decide. * * * the court can withdraw the question of contributory negligence of the plaintiff from the jury and determine it as a question of law only when from the facts in evidence but one rational inference can be drawn. 38 American Jurisprudence, p. 1054, Sec. 348. It has been said that contributory negligence is a question of fact for the jury when the evidence shows that the plaintiff, with knowledge or chargeable with knowledge of the danger, exercised some care. Henwood v. Gilliam, Tex.Civ.App., 207 S.W.2d 904, application for writ of error refused."

The Commission of Appeals in an opinion adopted by the Supreme Court in Seinsheimer v. Burkhart, 132 Tex. 336, 122 S.W. 2d 1063, 1065, stated: "There are cases in which a court is warranted in holding that a given act of negligence proximately caused an injury as a matter of law, but such cases are rare. Generally the question is one of pure fact, and that rule obtains * * * in cases where the negligence consists in the violation of a statute or ordinance the same as in other cases." See also Lofland v. Jackson, Tex.Civ.App., 237 S.W.2d 785; Buchanan v. Lang, Tex. Civ.App., 247 S.W.2d 445.

■ Tilton was not required to anticipate that appellant would enter a through State Highway from a Farm to Market Road in disregard of a stop sign, and neither was he required to anticipate that appellant would fail to yield the right of way at the intersection after running through a stop sign. Tilton, in keeping a proper lookout, as the jury found he did, was not necessarily required to foresee that the appellant would commit the various acts of negligence which the jury found that he did commit, especially that he would "run" a stop sign and enter the intersection after appellees had entered

same. Buchanan v. Lang, supra; Roddy v. Herren, Tex.Civ.App., 125 S.W.2d 1057; Schuhmacher Co. v. Bahn, Tex.Civ.App., 78 S.W.2d 205.

■ Tilton knew it was the duty of appellant to stop at the stop sign and to concede him the right of way and he could assume that appellant would stop at the stop sign or at least yield the right of way. Tilton, of course, was not relieved of the further responsibility to continue to exercise ordinary care to keep a proper lookout for danger but the jury found that he did keep a proper lookout.

■ From the entire record, it is our opinion it was within the jury's province to determine whether or not Tilton could have avoided the accident and that the jury was warranted in finding that the acts of negligence on his part were not proximate causes of the injuries.

■ There was, in our opinion, ample testimony as shown by the record to raise the issue of whether or not Tilton's negligence was a proximate cause of the collision. The jury resolved the issues in his favor. In such circumstances, it is the duty of this court to uphold the jury's finding, if, to consider all the testimony tending to support the verdict in its most favorable light, reasonable minds might have reached the same conclusion as did the jury.

The appellant next contends the verdict of $10,000 for the death of the minor child was excessive. The little girl was three years of age. She was an attractive, affectionate, healthy, intelligent child. Her parents are both college graduates and had started a college fund for the child.

■ The evidence in this type of case, from the nature of things, cannot furnish the measure of damages with that certainty and accuracy with which it may be done in other cases and, therefore, the question of damages must be left largely to the discretion of the jury. Banker v. McLaughlin, Tex.Civ.App., 200 S.W.2d 699, affirmed in 146 Tex. 434, 208 S.W.2d 843, 8 A.L.R.2d 1231.

In Sharpe v. Munoz, Tex.Civ.App., 256 S.W.2d 890, 892, the court, in affirming a judgment of $15,000 damages to the parents for the death of a twelve months old child, said: "The assessment of damages is the prerogative of the jury and courts impose their ideas, not as a substitute for the judgment of jurors but to control passion and prejudice." The above case cites numerous authorities which discuss damages in cases involving death of young children.

We find nothing in the record to indicate the jury acted with passion or prejudice. We hold the verdict was not excessive.

The judgment is affirmed.