**Mrs. F. W. BROCK, Appellant,**

v.

**WORTH CONSTRUCTION COMPANY, Appellee.**

No. 16199.

Court of Civil Appeals of Texas.

Fort Worth.

March 3, 1961.

Rehearing Denied April 7, 1961.

Thompson, Knight, Wright & Simmons, Dallas, Herrick & McEntire and John W. Herrick, Fort Worth, Hill, Brown, Kronzer & Abraham, and W. James Kronzer, Houston, for appellant.

Brown & Murray, and M. Hendricks Brown, Fort Worth, for appellee.

RENFRO, Justice.

Mrs. F. W. Brock sued Worth Construction Company, James Milo Harris and the estate of Willis Clark for damages for the death of her husband, F. W. Brock.

Both Clark and Brock were killed when their trucks collided at an intersection of Highway 67 and a work road. Brock was driving easterly on Highway 67; after crossing a small bridge on the north side of the highway he turned right on an S shaped curve of the highway which crossed the "work" road. Clark, driving west, collided with the Brock truck with the aforesaid fatal result. It was alleged that Clark was in the course of his employment for Worth Construction Company, and/or James Milo Harris. Numerous acts of negligence were alleged on the part of Clark, and Worth, hereinafter called defendant, was alleged to be negligent in failing to provide adequate warning signs.

At the conclusion of the evidence the plaintiff took a nonsuit as to Harris and Clark's estate.

The jury found that Clark failed to keep a proper lookout; failed to heed the warning of a flagman; failed to apply his brakes; failed to yield the right of way and that he was driving at an excessive rate of speed, and each of the above constituted negligence and was a proximate cause.

Issues 10-D and 10-E were as follows:

"Special Issue No. 10-D: Do you find from a preponderance of the evidence that the truck crossing in question created a dangerous situation for eastbound traffic on U. S. Highway 67 in the area in question? Answer 'Yes' or 'No.' Answer: Yes.

"If you have answered Special Issue No. 10-D 'Yes,' and only in that event, then answer:

"Special Issue No. 10-E: Do you find from a preponderance of the evidence that such dangerous situation, if any you have so found, was not open and obvious to F. W. Brock on the occasion in question? Answer: 'It was not open and obvious' or 'It was open and obvious.' Answer: It was open and obvious."

The jury found that Harris was an independent contractor and that Clark was not an employee of defendant.

Issues 11 and 12 and answers thereto were:

"Special Issue No. 11: Do you find from a preponderance of the evidence that the failure of Worth Construction Company to erect a sign on Highway 67 warning eastbound traffic of the existence of the truck crossing in question was negligence? Answer 'Yes' or 'No.' Answer: Yes.

"If you have answered Special Issue No. 11 'Yes,' and only in that event, then answer: .

"Special Issue No. 12: Do you find from a preponderance of the evidence that such negligence, if any, was a proximate cause of the collision in question? Answer 'Yes' or 'No.' Answer: Yes."

Contributory negligence issues of proper lookout, application of brakes, speed, and failure to heed a signal on the part of Brock were answered favorably to plaintiff, as was unavoidable accident.

Before the case was submitted to the jury, defendant moved for an instructed verdict, and, after the verdict was returned, moved the court to disregard the answers to issues 11 and 12 and enter judgment for defendant notwithstanding the verdict on the ground that Worth had no duty with reference to placing a warning sign as inquired about in issue 11 and because of the finding that the dangerous situation was "open and obvious to F. W. Brock on the occasion in question." The court sustained defendant's motion and entered judgment that plaintiff take nothing. The judgment also recited that plaintiff had taken a nonsuit with prejudice as to Harris and the Clark estate and further provided that plaintiff take nothing as to such defendants.

Plaintiff's first three points of error are to the effect the "open and obvious" finding should not, in view of the other findings and the nature of the case, preclude her from recovery, and in point 4 contends the court erred in disregarding issues 11 and 12.

■ The "dangerous situation" as portrayed by the evidence was not the character of open and obvious danger to which the doctrine of assumption of risk is applicable. Under the evidence and the surrounding circumstances of this case plaintiff would not be precluded from recovery on the answers to the "open and obvious" issues. While we find no similar factual

case, our conclusion is supported by 65 C.J.S. Negligence § 174, pp. 850–852; Hobbs v. Grant, Tex.Civ.App., 314 S.W.2d 351; Buchanan v. Lang, Tex.Civ.App., 247 S.W. 2d 445; Wood v. Kane Boiler Works, 150 Tex. 191, 238 S.W.2d 172.

We think, however, the judgment must be affirmed on the first ground set out in defendant's motion for judgment and presented to this court as follows in counter point No. One: "The Worth Construction Company owed no duty to the traveling public to erect a truck crossing sign on the detour road where the accident happened, such detour being one erected and under the control of the State Highway Department, and the written contract having expressly excluded the Worth Construction Company's control or obligation with reference to detours." While the judgment does not so state, it is apparent from the record that the trial court based his judgment on this ground.

Defendant and The Texas Highway Department entered into a contract under the terms of which defendant was to add to and rebuild existing roadways and ultimately build a four lane controlled access highway a distance in excess of seven miles.

■ Section 7.7 of the contract provided: "The safety of the public and the convenience of traffic shall be regarded as of prime importance during construction. The Department (meaning the State Highway Department) will maintain independent detours as shown on plans, and the contractor will not be responsible for the maintenance and direction of traffic thereon. In all other respects, public safety and convenience and provisions therefor made necessary by the work shall be the direct responsibility of the contractor, and shall be performed at his entire expense."

A "detour layout" in the contract showed the road on which the accident occurred to be a detour.

The accident occurred on March 16, 1959. As of that date defendant had start-

ed work on the highway about 12,000 feet west of the site of the collision. It is not disputed that defendant had adequate and proper traffic warning signs approaching and along the stretch of highway where it was working. The Highway Department had sufficient signs along the 12,000 feet east of the construction work to the bridge heretofore mentioned, one of which warned of the detour. As of the time of the accident, defendant had never done any work in the vicinity of the collision scene. The bridge and the curving intersection were constructed by the Highway Department or another contractor before the contract was awarded to defendant. The detour was built and maintained by the Highway Department. Defendant had nothing to do with the work or with the "truck crossing" on which Clark was driving at the time of the accident. Defendant had no control over the route of the independent contractor who used the truck crossing. The independent sand and rock haulers loaded their trucks at places designated by the Highway Department. The crossing was in existence and in use before defendant entered into the contract with the Department and defendant had never taken control of the area involved.

Plaintiff relies on John F. Buckner & Sons v. Allen, Tex.Civ.App., 289 S.W.2d 387, 396. In that case the contractor was authorized to provide detours. We point to the statement of the court, "The evidence does not show that appellants were not in control of the detour and the barricade," as markedly distinguishing the above case from the instant case. In the instant case the Highway Department, by contract, was to maintain detours, this one in particular, and the contract provided the contractor "will not be responsible for the maintenance and direction of traffic thereon," and in addition the evidence, we hold, is conclusive that defendant was not in control of the detour.

Since plaintiff lost in her attempt to hold defendant responsible for the negligence of Clark (Clark was an employee of Harris and the jury found that Harris was an independent contractor), the burden was on her to prove facts sufficient to support the answers to 11 and 12 concerning the truck crossing on the detour. The summary of the evidence given above demonstrates that she failed to prove that defendant owed a duty to maintain a truck crossing sign at the place in question; hence there was no violation of a duty which proximately caused Brock's death.

We affirm the judgment of the trial court.

Defendant argues even if it were guilty of negligence, the judgment should be affirmed because Brock was guilty of negligence as a matter of law. Since we are affirming the trial court judgment for the reason already stated, we will not discuss this contention other than to say that in our opinion the jury findings of no contributory negligence are supported by ample evidence; therefore Brock was not guilty of contributory negligence as a matter of law.

Affirmed.