Hannah **STRAWDER** et al., Appellants,

v.

Jose Bueno **PANTOJA**, Appellee.

No. 14202.

Court of Civil Appeals of Texas.

Houston.

Oct. 24, 1963.

Rehearing Denied Nov. 14, 1963.

· Leonard C. Kahn, Houston, for appellants.

Tom Alexander, Joseph H. Peck, Jr., Houston, Butler Binion, Rice & Cook, Houston, of counsel, for appellee.

COLEMAN, Justice.

This is an appeal from a judgment rendered on an instructed verdict for the defendant in an automobile collision case.

The only question raised by this appeal is whether there was any evidence of probative force that appellee failed to keep a proper look-out and that such failure was a proximate cause of the collision made the basis of this case.

A short time prior to the collision Hannah Strawder, one of the appellants, and Jose Pantoja, appellee, were driving in opposite directions on West 6th Street in the City of Houston, Texas. Both parties halted their vehicles in response to a traffic light at the intersection of West 6th and Yale Streets. Marie Harrison, an appellant, was a passenger in the Strawder car. The only testimony relating to the actual collision was given by the appellants.

While the light facing them was red, and immediately prior to the time it changed to green, appellants observed the Anderson car about fifty feet away "zigzagging" or "Waddling" toward the intersection at a "good" fifty miles an hour. It did not appear that this car could stop short of the intersection. It was about five o'clock in the afternoon, and was not dark. Lights were not needed. There was nothing at the intersection which would have prevented appellee's seeing the speeding automobile as it approached the intersection from his left. After the light turned green appellee's automobile "jumped out" into the intersection and was struck at its left rear door by the Anderson vehicle and then appellee's automobile struck appellants' car, which had not moved from its position at the intersection. After the accident appellee told Hannah

Strawder that he wondered what she "was sitting there waiting on."

Facts may be proved by circumstances as well as by positive testimony. The circumstances detailed above require that the issues of failure to keep a proper look-out and proximate cause be submitted to the jury.

 It is argued that appellee was not required to anticipate that the Anderson vehicle would fail to heed the red light and stop, since appellee entered the intersection before the Anderson vehicle did. We are unable to find direct testimony that appellee's vehicle entered the intersection first. The Anderson vehicle was "zigzagging." The width of the streets is not shown and there is no evidence establishing the point of impact. A question arises as to whether we can assume that appellee entered the intersection first from the testimony that his car was struck on the rear door by the Anderson car. However, we think that circumstance not of controlling importance. The testimony establishes that if appellee had looked to the left at any time after he stopped for the red light, he would have seen the Anderson car. A jury might have concluded that appellee should have realized that a collision was inevitable if he entered the intersection.

Appellee relies on such cases as Miller v. Tilton, Tex.Civ.App., 289 S.W.2d 426; Schuhmacher Co. v. Bahn, Tex.Civ. App., 78 S.W.2d 205; Buchanan v. Lang, Tex.Civ.App., 247 S.W.2d 445, and Bailey v. Tishlias, Tex.Civ.App., 348 S.W.2d 220. These cases hold that one is not required to anticipate that another will disregard stop signs or commit other acts of negligence. However, one may not close his eyes to an obvious danger "which would have been observed by a person of ordinary prudence similarly situated." Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273. Appellee was not relieved of his duty to keep a proper look-out merely because he had the right of way. Skyline Cab Co. v.

Bradley, Tex.Civ.App., 325 S.W.2d 176, writ ref., n. r. e.; Tips v. Gonzalez, Tex. Civ.App., 362 S.W.2d 422; Watts v. Dallas Ry. & Terminal Co., Tex.Civ.App., 279 S.W.2d 400; Todd v. LaGrone, Tex.Civ. App., 234 S.W.2d 99; Edson v. Perry-Foley Funeral Home, Tex.Civ.App., 132 S.W.2d 282.

The judgment of the trial court is reversed and the case is remanded for a new trial.