Gulf, Colorado & Santa Fe Railway Company v. J. T. Wells.

No. 6997.

1. **Employer and Employe— Safe Machinery.** — A charge in an action by an employe for injuries, etc., that "a duty imposed by law upon a railway corporation is to do everything that can reasonably be done for the safety of its employes," is equivalent to requiring the use of ordinary care in reference to the matters referred to.

2. **Same—Safe Machinery.**—It was error, however, to add that it was the further duty of the corporation "to furnish safe machinery for the use of its employes," and that a failure to do so would render it liable for any injury resulting from defective machinery unless the negligence of plaintiff contributed to the injury.

3. **Safe Machinery—Ordinary Care.**—The words "safe machinery" in the connection used would mean machinery so perfect that it could be used without danger resulting from any defect in it. The law does not make it incumbent on railway companies to provide such, but to use ordinary care to avoid such defects as may expose employes to danger while using it with ordinary care.

Appeal from Brown. Tried below before Hon. J. W. Timmins. The opinion states the case.

*J. W. Terry* and *Alexander & Clark*, for appellant.—1. A master is not responsible to his servant for injuries resulting from defective machinery where the defect is patent, simple, and well known to the servant, and where the servant has continued to use the defective machinery without promise of the defect being remedied by the master.

2. A section hand assumes that he has the capacity to understand the nature and extent of the service and requisite ability to perform it by undertaking the employment. Railway v. Drew, 59 Texas, 10; Railway v. Somers, 71 Texas, 700; Railway v. Bradford, 66 Texas, 732; Railway v. Williams, 72 Texas, 159; Railway v. McCarthy, 64 Texas, 636; Watson v. Railway, 58 Texas, 439; Railway v. Lempe, 59 Texas, 19; Railway v. Conrad, 62 Texas, 627; Railway v. Watts, 63 Texas, 549; Railway v. Myers, 55 Texas, 110; Wood's Mast. and Serv., secs. 335, 336.

3. On the test of diligence on part of master in furnishing machinery and tools to employes as ordinary care: Railway v. Lyde, 57 Texas, 505; Wood's Mast. and Serv., p. 687; Id., secs. 344, 345; 2 Thomp. on Neg., pp. 270–272; Pierce on Railways, 370.

*Thomas Maples* and *Bell & Drane*, for appellee, cited Railway v. Ross, 112 U. S. Rep., 377; Railway v. May, 15 Am. and Eng. Ry. Cases, 320; Faren v. Sellers, 39 La. Ann., 1019; Wood's Mast. and Serv., 865; Dowling v. Allen, 74 Mo., 18; McCowan v. Railway, 61 Mo., 528; Drew v. Railway, 59 Texas, 12; Keegan v. Kavanagh, 65 Mo., 232; Flynn v. Railway, 47 Am. Rep., 102; Clark v. Holmes, 6 Hurl. & Norm., 349; Railway v. Watts, 64 Texas, 568; Smith v. Car Works, 1 Am. St. Rep., 542; Dowling v. Allen, 74 Mo., 13; Coombs v. Cordage Co., 102 Mass.,

572; Faren v. Sellers & Co., 4 Am. Rep., 263; Patterson v. Railway, 18 Am. Rep., 412; Gibson v. Railway, 46 Mo., 163; Stoddard v. Railway, 65 Mo., 515; Keegan v. Kavanagh, 72 Mo., 230; Snow v. Railway, 8 Allen, 441.

STAYTON, CHIEF JUSTICE.—Appellee brought this action to recover damages from appellant on account of injuries claimed to have been received by him while in the employment of appellant through a defect in the wheel of a hand car he was operating.

The defense was, (1) that the railway company was not negligent in furnishing the car in question; (2) that if the car was defective, that was known to plaintiff long before the injury occurred; (3) that he contributed to the injury by leaping from the car at the time he was hurt.

At the last Austin term the report of the Commission of Appeals recommending the affirmance of the judgment was adopted and the judgment affirmed, and the case is now before us on motion for rehearing.

A re-examination of the case induces us to believe that the court below committed such error in a part of the charge given as requires a reversal of the judgment, and the motion for rehearing will be granted.

The part of the charge referred to is as follows: "A duty imposed by law upon a railway corporation is to do everything that can reasonably be done for the safety of its employes and to furnish safe machinery for the use of said employes, and a failure to do so will render the corporation liable for any damage done its employes by reason of such defective machinery unless the employe is injured after he has discovered the defects in said machinery and by his negligence has contributed to said injury. When a person engages in a particular employment he is presumed to do so with a knowledge of and with the intent to take all the risk incident to said employment. If the jury believe from the evidence that the plaintiff was, as alleged in his petition, an employe of the defendant, and that at the time he was injured, if he was injured, he was performing his duty as such employe, and that in the discharge of said duty he was using a hand car furnished by defendant for said purpose, and that said hand car had a defective wheel; and further, that said defective wheel was the cause of the injury to plaintiff, if any, and you further find plaintiff was injured, and that he did not contribute to his injury, then you will find for plaintiff."

The declaration that the law imposed upon appellant the duty "to do everything that can reasonably be done for the safety of its employes," may be deemed only as an instruction that it was the duty of appellant to use ordinary care in reference to the matters referred to, and if the charge stopped with this there would be nothing of which appellant ought to complain; but the charge goes further and informed the jury that it was the duty of appellant "to furnish safe machinery

for the use of its employes," and that a failure to do so would render it liable for an injury resulting from defective machinery unless the negligence of plaintiff contributed to the injury.

The words "safe machinery," in the connection used, would mean machinery so perfect that it could be used without danger resulting from any defect in it, and the law does not make it incumbent on railway companies or other employers to provide such machinery, but to use ordinary care to avoid such defects as may expose employes to danger while using it with ordinary care. If it be contended that the word "reasonably" should be held to qualify the words under consideration, we are of opinion that such was not the intention, and that the jury could not so have understood the charge. This is illustrated by the following part of the charge intended to apply the law to the facts of the case. That part of the charge in effect informed the jury that they would find for the plaintiff if "said hand car had a defective wheel; and further, that said defective wheel was the cause of the injury to plaintiff" unless his own negligence contributed to the injury.

The hand car may have been defective and the injury may have resulted from that, without contributory negligence on the part of plaintiff, and the defendant still not be liable if it had used that degree of care in reference to the hand car which the law required of it, and whether it had done so should have been left to the determination of the jury under a proper charge, instead of one which informed the jury that liability would exist if the machinery was defective and injury resulted therefrom in the absence of contributory negligence on the part of the plaintiff.

It is unnecessary to discuss the other assignments of error, but for the errors referred to the judgment will be reversed and the cause remanded.

It is so ordered.

*Reversed and remanded.*

Delivered October 23, 1891.