## BERING MANUFACTURING COMPANY v. J. J. H. PETERSON, NEXT FRIEND.

### Decided February 22, 1902.

**1.—Master and Servant—Safe Appliances—Charge.**

A charge is erroneous which imposes on the master the duty of furnishing the servant with a safe place to work and safe appliances, instead of a reasonably safe place and appliances.

**2.—Charge of Court.**

A requested charge on the subject of assumed risks is properly refused where that subject is fully covered in the main charge.

**3.—Master and Servant—Proximate Cause—Negligence.**

In order to warrant a finding that negligence is the proximate cause of an injury it should appear that the injury was the natural and probable consequence of the negligent act, and that it ought to have been foreseen by the master,—not necessarily the precise actual injury, but some like injury likely to result therefrom,—and it is not necessary that the exact injury complained of must have been foreseen as the probable result. This rule held properly applied by the court in a case where an employe was injured by the breaking of a belt on machinery.

**4.—Same—Evidence.**

In an action for personal injury caused by the breaking of a machine belt, evidence by a witness, who was an experienced man, that he had never seen a like injury inflicted in like manner, was correctly excluded.

**5.—Same—Defective Appliances—Issue—Evidence.**

Where a servant was injured by the breaking of a machine belt, causing a staple that fastened it to be driven into his person, and the issue of negligence involved the question of the rottenness of the belt and also the sufficiency of the staples fastening it, it was error for the court to exclude evidence offered by the master to show that the staples were of the most approved character in use.

**6.—Same—Minor—Medical Bills.**

Where a minor's action for personal injuries was brought by his father as next friend, it was error to allow as part of the damages recovered the amount of the minor's medical bills in the matter, the father being presumably liable therefor and entitled to recover them in his own right from defendant, no special facts being alleged and proven such as would render the master liable for such bills notwithstanding the minority.

Appeal from Harris. Tried below before Hon. Chas. E. Ashe.

*Baker, Botts, Baker & Lovett,* for appellant.

*Brockman & Kahn* and *J. V. Meek,* for appelleee.

GILL, ASSOCIATE JUSTICE.—This suit was brought by J. J. H. Peterson, as next friend of the minor H. J. Peterson, to recover of the Bering Manufacturing Company, appellant, damages for personal injuries sustained by the minor as a result of the negligence of the appellant. The minor 'was alleged to have been in the employ of the appellant company at the date of the accident complained of, and the injuries are alleged to have been caused by the breaking of a belt which the company is charged with having negligently allowed to become "old, worn, and rotten. That the same had previous to said date frequently broken, and the same had been patched and spliced and put together with copper or brass staples, and on said last named date   *   *   *   by reason of defendant's negligence the belt gave way and separated, and the end thereof in which were the brass and copper staples was violently thrown against said minor," some of the staples being driven into parts of his person, whereby he is alleged to have been seriously and permanently injured.

The appellant answered by general denial and pleas of assumed risk and negligence of a fellow-servant. A trial by jury resulted in a verdict in favor of appellee for $1500, from which the company has prosecuted this appeal.

The accident is shown to have occurred about as follows: H. J. Peterson, a minor about 20 years of age, was an employe of appellant, the Bering Manufacturing Company. The latter was engaged in the manufacture of sash, doors, blinds, etc., and used in its factory machinery propelled by steam power. The minor had been at work for appellant several years but had not been assigned to any fixed task. On the day in question he went in the room where the sash-raising machine was situated. His purpose in going in was to get a drink of water, the drinking water being in that room. The sash-raising machine was operated by a belt working over a wheel or pulley. While the minor was standing near the water, drinking, the machinery was started in motion, the belt of the sash-raising machine broke, and one end of it struck the minor, injuring him as alleged. The serious injury was due to the fact that one of the staples with which the ends of the belt were fastened was thrown loose from the belt and imbedded in the testicles of the minor.

There was a conflict in the testimony as to whether a part of the belt was defective and the staples pulled through the leather causing the staples on the other side to straighten, or whether the accident was solely due to the breaking or straightening of the staples. The evidence was also conflicting as to the negligence of the company. The court submitted to the jury the issues as made by the pleading and the evidence, and the judgment is assailed mainly for alleged errors in the main charge or error in refusing special charges.

Under the eighth, ninth, and tenth assignments the charge of the court is assailed because, in charging upon the duty of appellant to the minor, the jury were in effect instructed that it was the duty of the master

to exercise ordinary care to furnish his employe a *safe* place in which to work and safe machinery and appliances to work with. It is contended that the charge imposes a more onerous duty than the law imposes.

The rule as generally stated is that a master has discharged his duty to his servant when he exercises ordinary care to furnish him a *reasonably* safe place to work and *reasonably* safe appliances to work with and has exercised ordinary care to maintain them in a reasonably safe condition. Railway v. McClain, 80 Texas, 87; Railway v. Bell, 75 Texas, 50; Railway v. Oram, 49 Texas, 198; Railway v. Gormley, 91 Texas, 393.

It has also been held error to charge that the master must exercise ordinary care "to furnish *safe* machinery," etc. Railway v. Wells, 81 Texas, 685. This distinction is made. Absolute safety is not only unattainable, but a machine though safe when properly operated may be exceedingly dangerous when improperly operated by a careless or ignorant employe. Railway v. Wells, supra. While the rule is not infrequently loosely stated, as given in the charge complained of, the correct definition of the master's duty is as stated above. The assignments are well taken.

We do not mean to say, however, that we would reverse on this acount, because the error is not maintained throughout the charge, but in subsequent portions of the charge and in a special charge given at the request of defendant the correct rule is given in applying the law to the facts. We pass on the assignments in view of another trial.

By the eleventh assignment appellant complains because of the refusal of the trial court to give a requested charge on the subject of assumed risk. We think the question fully covered in the main charge and the requested charge was properly refused.

The fourth, fifth, sixth, and seventh assignments disclose no error. They complain of the charge of the trial court on the question of proximate cause. On that issue the jury were instructed, that "in order to warrant a finding that negligence * * * is the proximate cause of an injury it should appear that the injury was the natural and probable consequence of the negligent act and that it ought to have been foreseen. Not necessarily the precise, actual injury, but some like injury likely to result therefrom." This was the law, and the facts called for no elaboration of the rule. Under this, if the injury was due to the breaking of the belt and the belt broke as a result of defendant's negligence, then plaintiff might recover if defendant might have reasonably foreseen that the breaking of a belt would likely result in injury to bystanders or employes engaged in duty about the machine. It would clearly have been error to charge as requested by defendant that the exact injury complained of must have been foreseen as the probable result of the broken belt. It would also have been error to admit the proffered proof that the witness, an experienced man, had not in all his experiences seen a like injury inflicted in like manner. He testified that breaking belts sometimes injured employes and that the best staples or fasteners

sometimes broke. In such case the flying pieces of broken staples put in motion by the rapidly moving belt were a natural consequence of the breaking of the belt. If the breaking of the belt was due to the negligence of the master he could not be heard to defend on the ground that no one had ever before been injured by a flying staple. We do not think the evidence presented the issue involved in the requested charge.

By the second and third assignments appellant assails the judgment on the ground that the court erred in excluding the proffered testimony of the witness Cload to the effect that the hook which struck the minor was the kind in general use among millmen and generally regarded by them as the best mechanical device in practical use for fastening together leather belts, and of the witness Hale to the effect that the hook which struck the minor was in general use among millmen, and that more hooks of this kind were used than any other device designed for the purpose.

Appellee seeks to meet the assignments with the proposition that the sufficiency of the hooks were not in question, and that his only ground of recovery was the rotten belt. This is not a fair construction of the pleading, nor did the court in his charge limit the recovery to that ground. The charge of the court permitted a recovery if appellant had been negligent in any of the respects complained of in the petition, and as has been seen the petition states the case rather broadly and specifically mentions the character of fastenings used.

The sufficiency of these staples or fastenings being one of the grounds of liability, and there being evidence that they broke or straightened, and the minor's main injury being due to a broken or straightened one, the defendant should have been allowed to show that it had adopted the most approved fasteners in practical use.

The testimony was conflicting as to whether a portion of the fasteners pulled through the leather, breaking or straightening the others by the added strain, or whether some broke and the added strain tore the others through the leather. The law required of appellant no more than that in the matter of fasteners the most approved should be used. We think the court committed harmful error in excluding the proffered testimony.

The court charged the jury that in estimating the damages they might among other things take into consideration the medical bills incurred by the minor in the treatment of his injuries. This is assigned as error because the suit is for the minor by next friend and not by the father for injury to the son, and the injured person being a minor, the father is liable for the necessary medical bills.

The expense incurred being a necessity to the minor, his estate would be liable if the father failed or refused to pay it. But the primary responsibility is on the parent, and he could certainly recover it in his own right in a suit against the appellant if shown to be otherwise liable.

We think, therefore, in order for a minor to recover for medical bills incurred he should allege and prove such special facts as render him liable therefor notwithstanding his minority. He could not recover for

time lost without showing that he had been emancipated, for otherwise that belonged to his father. With that right goes the duty of the father to supply the minor's necessities. The burden is upon the minor to show that the medical expenses incurred amount to legal liabilities. This has not been done in this case, and the charge of the court presenting the item is error.

We do not deem it necessary to notice the other assignments, as they present no error. For those indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Writ of error refused.