Lisa WALSH et al., Appellants,

v.

Elmer Eugene HERSHEY, Appellee.

No. 17247.

Court of Civil Appeals of Texas,
Fort Worth.

Oct. 15, 1971.

Rehearing Denied Nov. 19, 1971.

ries and property damage allegedly sustained by the two plaintiffs in the collision. Following a jury trial judgment was rendered that Doris Walsh take nothing by her suit and that the plaintiff, Lisa Walsh, recover $1,500.00 in damages for her pain and suffering from defendant, Hershey. Both plaintiffs have brought this appeal from that judgment.

We affirm the judgment.

The jury found that Hershey failed to keep a proper lookout, and failed to yield the right of way to the Walsh car, and that each such failure was a proximate cause of the occurrence in question. It also found that Doris Walsh failed to keep a proper lookout and that such failure proximately caused the occurrence in question.

Issues Nos. 16 and 17 of the charge inquired whether Doris Walsh failed to keep a proper lookout and whether that failure was a proximate cause of the occurrence.

Appellants' points 6 through 17, inclusive, attack the court's action in submitting those two issues to the jury and also in rendering judgment against Mrs. Walsh based on the jury's answers to those issues.

Appellants urge in those points that there was "no evidence" and "insufficient evidence" to justify a submission of either issue and that the jury's findings in answer to these two issues is against the great weight and preponderance of the evidence.

Wright & Barber, and William A. Barber, Jr., Grand Prairie, for appellants.

Strasburger, Price, Kelton, Martin & Unis, and Royal H. Brin, Jr., Dallas, for appellee.

We overrule all of those points.

In considering the no evidence points, the insufficiency of the evidence points, and the contention that the jury's findings on the proper lookout and related proximate cause issues as to Mrs. Walsh were against the great weight and preponderance of the evidence, we have reviewed the whole record. The law applicable in determining those points is well set out in Jameson v. Melton, 366 S.W.2d 115 (Dallas, Tex.Civ.App., 1963, no writ hist.).

## OPINION

BREWSTER, Justice.

Automobiles being driven by the plaintiff, Doris Walsh, and by the defendant, Elmer E. Hershey, collided at an intersection in the City of Irving, Texas. The plaintiff, Doris Walsh, brought this action for herself and as next friend of her minor daughter, Lisa Walsh, who was an occupant of her car at the time, against Hershey seeking to recover for personal inju-

A summary of the evidence in this case shows that this collision occurred at the intersection of O'Connor and Rock Island Roads in the City of Irving, Texas, on January 11, 1969, at about 7:30 P.M., which was after dark; Mrs. Walsh was then travelling south on O'Connor and Hershey was going east on Rock Island Road, intending to turn and go north on O'Connor when he got into the intersection; traffic entering the intersection from Rock Island Road, as Hershey was doing on the occasion, was controlled by a stop sign; there were no traffic controls at the intersection facing traffic on O'Connor.

Hershey testified that when he came to the stop sign he stopped. He then saw a car travelling north on O'Connor and was watching it. It was to his right. He said he then entered the intersection at about five miles per hour and his car struck Mrs. Walsh's car on the front right fender. Her car came from his left. He said he did not see her car until the impact. It was dark and his headlights were on at the time.

Among the other testimony to be considered by the jury in passing on this proper lookout issue was Mrs. Walsh's own statements while testifying to the following effect: prior to reaching the intersection she passed under a railroad trestle, which was located on O'Connor about one-fourth of a block north of the intersection; she was travelling south at twenty to twenty-five miles per hour; from the trestle one can see any car travelling east that was stopped at the stop sign on Rock Island and can also see automobile traffic west of there that is going east on Rock Island; there was nothing there to obstruct one's view of that traffic; on the occasion of the wreck, she did not see the Hershey car prior to the time it entered the intersection; she could not estimate approximately where Hershey's car was when she first saw it, but it was right on her and she could see its lights and it was coming fast and she knew he was going to hit her; and she did not honk her horn, apply her brakes or turn to the left prior to the wreck.

Upon the occasion in question, Mrs. Walsh had the right of way. Even though this was true, she still had the duty to keep a proper lookout as she entered into and travelled through the intersection.

The law applicable is expressed in Strawder v. Pantoja, 372 S.W.2d 246 (Houston, Tex.Civ.App., 1963, ref., n. r. e.) as follows: "These cases hold that one is not required to anticipate that another will disregard stop signs or commit other acts of negligence. However, one may not close his eyes to an obvious danger 'which would have been observed by a person of ordinary prudence similarly situated.' Lynch v. Ricketts, 158 Tex. 487, 314 S.W. 2d 273. Appellee was not relieved of his duty to keep a proper look-out merely because he had the right of way." (Cites a group of cases.)

In discussing proper lookout in an intersection collision case such as this the Supreme Court in Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (1958) said: "In a case of this character, standards of ordinary care such as the direction and extent of the observation which Mrs. Ricketts should have made at any particular time cannot be fixed with any degree of certainty but must be left in large measure to the trier of fact. It is well settled, moreover, that negligence and causation, like any other ultimate fact, may be established by circumstantial as well as direct evidence. See English v. Miller, Tex.Civ. App., 43 S.W.2d 642 (wr. ref.); Henry v. Publix Theatres Corp., Tex.Civ.App., 25 S.W.2d 695 (wr. ref.). The jury is thus not only the judge of the facts and circumstances proven but may also draw reasonable inferences and deductions from the evidence adduced before it. Its findings may not be disregarded under the provisions of Rule 301, therefore, if the record discloses any evidence of probative value which, with inferences that may be properly drawn therefrom, will reasonably support the same."

The jury in this case could have believed from the evidence and proper inferences therefrom that if Mrs. Walsh had, as she approached or as she entered the intersection in question, looked to the west to observe the traffic on Rock Island at the stop sign and that which was approaching the intersection from that direction that she would have seen Hershey's car in time to have avoided the collision by honking her horn, applying her brakes or turning to the left.

■ We hold that there was sufficient evidence to support the submission of the proper lookout and proximate cause issues as to Mrs. Walsh, and that the jury's answers to such issues were not against the great weight and preponderance of the evidence. Lynch v. Ricketts, supra; Griffith v. Hudspeth, 378 S.W.2d 153 (San Antonio, Tex.Civ.App., 1964, no writ hist.); Joe D. Hughes, Inc. v. Moran, 325 S.W.2d 829 (Fort Worth, Tex.Civ.App., 1959, ref., n. r. e.); De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95 (1955); Mrs. Baird's Bread Company v. Williams, 425 S.W.2d 1 (Texarkana, Tex.Civ.App., 1968, ref., n. r. e.); Sneed v. Fort Worth Transit Company, 427 S.W.2d 920 (Fort Worth, Tex.Civ. App., 1968, no writ hist.); Strawder v. Pantoja, supra; and Owens v. Acme Oil Company, 408 S.W.2d 947 (Tyler, Tex. Civ.App., 1966, ref., n. r. e.).

The appellants' first 5 points complain in various ways of the court's action in denying both of the appellants any recovery at all for future medical expenses.

We overrule all of those points.

At the time of the wreck, on January 11, 1969, the appellant, Lisa Walsh, was 8 years old. The judgment in this case was signed on January 6, 1971.

Plaintiffs' pleading sought recovery for Doris Walsh of future medical expense in the amount of $500.00 that she alleged would in reasonable probability be necessarily incurred in the treatment of injuries sustained by Lisa between date of the wreck and the time Lisa reached 21 years of age and sought recovery of $1,500.00 for Lisa Walsh for future medical expenses for Lisa that they alleged Lisa would probably incur after she reached 21 in treating her injuries.

The future medical expense issue in the charge as to Lisa Walsh was as follows:

"ISSUE NO. 13: What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would be compensation for the reasonable expenses, if any, for necessary medical care which Lisa Walsh will, in reasonable probability, require in the future for treatment of her injuries resulting from the occurrence in question?"

The jury's answer was "$3000.00."

The charge did not contain issues breaking this inquiry into two parts—(1) the future medical for Lisa Walsh between the time of trial and the time she became 21; and (2) the future medical expense for her after she became 21.

■ It was important from plaintiffs' standpoint, under the facts of this case, that the inquiry made to the jury in Issue No. 13 be broken into two parts because the cause of action for the recovery of future medical expenses of the minor between date of the trial and her 21st birthday belonged to the parent, Doris Walsh, and the cause of action for those future medical expenses that Lisa would probably incur after her 21st birthday belonged to Lisa Walsh. Bering Mfg. Co. v. Peterson, 28 Tex.Civ.App. 194, 67 S.W. 133 (1902, writ dism.); Bering Mfg. Co. v. Femelat, 35 Tex.Civ.App. 36, 79 S.W. 869 (1904, writ dism.); Coates v. Moore, 325 S.W.2d 401 (Waco, Tex.Civ.App., 1959, ref., n. r. e.); Mercer v. Evans, 173 S.W.2d 206 (Fort Worth, Tex.Civ.App., 1943, writ ref.); and Tyrrell Hardware Co. v. Orgeron, 289 S.W. 1040 (Beaumont, Tex.Civ. App., 1926, writ ref.). Since the parent is primarily liable for a minor's medical expenses incurred during minority, the cause

of action for the recovery of such expense belongs to such parent, and not to the minor. No exception to the above rule exists in this case.

■ Because the jury found appellant, Doris Walsh, guilty of contributory negligence that proximately caused the wreck, she is barred from recovering for the future medical expense that would probably be incurred in treating Lisa Walsh's injuries up until she is twenty-one years old. See on this Lowery v. Berry, 153 Tex. 411, 269 S.W.2d 795 (1954).

■ After the verdict was returned here it contained no jury finding as to what would be a reasonable charge for future medical expenses that would in reasonable probability be necessarily incurred in the future by Lisa Walsh, after she became twenty-one years of age, in the treatment of her injuries.

The evidence in this case does not establish as a matter of law the reasonable cost of future medical expense Lisa Walsh will in reasonable probability incur after she is twenty-one. The most that can be said in her behalf on this is that the evidence created a jury issue on it.

The matters inquired about in Issue No. 13 (the future medical expense of Lisa Walsh) involved plaintiffs' issues. They were no part of the defendant's defense, but were elements of the plaintiffs' cause of action. The plaintiffs neither requested proper damage issues in this regard nor did they object to the court's failure to break Issue No. 13 into the two issues that were really involved in the case. Under these circumstances they have no ground to complain and have waived the right to recover this item of damage.

In Harris v. Christianson-Keithley Company, 303 S.W.2d 422 (Galveston, Tex. Civ.App., 1957, ref., n. r. e.), the Court said at page 430: "It is incumbent upon a plaintiff, before he can complain of the disallowance of damages, to see that his case is properly submitted and to obtain findings upon which a judgment for all legally recoverable damages may be based. Plaintiff, having failed to request an issue limited to the outside period during which he was legally entitled to the possession of the truck, is in no position to complain."

The case of Sanders v. O'Connor, 98 S. W.2d 401 (Fort Worth, Tex.Civ.App., 1936, writ dism.) is additional authority for our holding.

■ It is the party who has the burden of establishing an issue during the trial that has the duty to request its submission in proper form to serve his purpose. Gasperson v. Christie, Mitchell & Mitchell Company, 418 S.W.2d 345 (Fort Worth, Tex.Civ.App., 1967, ref., n. r. e.); Loyd v. Rumbaugh Trucking Company, 313 S.W.2d 542 (El Paso, Tex.Civ.App., 1958, ref., n. r. e.); Clark v. National Life & Accident Ins. Co., 145 Tex. 575, 200 S.W.2d 820 (1947); and International-Great Northern R. Co. v. Casey, 46 S.W.2d 669 (Tex.Com. App., 1932).

By points of error 18, 19, 20 and 21, appellant, Doris Walsh, contends that the trial court erred in submitting Issue No. 7 to the jury, inquiring whether Doris Walsh sustained injuries in the wreck because: (1) the evidence was uncontroverted that she was injured; (2) there was no evidence that she was not hurt; (3) the evidence was insufficient to show that she was not hurt; and (4) because the jury's finding that she was not injured was against the great weight and preponderance of the evidence.

■ Because the jury found Mrs. Walsh guilty of contributory negligence that proximately caused the collision, even if error did occur in connection with the submission of Issue No. 7, it was harmless error. Her contributory negligence barred her from recovering damages in this case even if the jury had found that she was hurt in the wreck.

We hold, however, that the trial court did not err in submitting Issue No. 7 to the jury because the evidence raised a fact issue as to whether she received injuries at the time in question.

We overrule points 18 through 21, inclusive.

By her points 22 and 23 Mrs. Doris Walsh contends that the court erred in denying her a recovery of $250.00 past medical expense incurred in treating Lisa Walsh and of $200.00 damages to her car.

We overrule these two points. The jury findings that her contributory negligence proximately caused the wreck keeps her from recovering in her individual capacity any damage resulting from the wreck.

By point 24 appellants contend that the trial court erred in failing to admit evidence that following the collision the appellee admitted that the collision was his fault. We overrule this point.

The record shows that appellants failed to raise this point in an assignment of error contained in their motion for new trial, which is a prerequisite of appeal in a case such as this. Rule 324, Texas Rules of Civil Procedure.

Rule 374, T.R.C.P., provides: "A ground of error not distinctly set forth in the motion for new trial, in cases where a motion for new trial is required shall be considered as waived."

Since appellants' point 24 is not germane to a proper assignment of error contained in their motion for new trial they are not entitled to have the matter reviewed on appeal. Smith v. Davis, 453 S.W.2d 340 (Fort Worth, Tex.Civ.App., 1970, ref., n. r. e.); and Sterling v. Tarvin, 456 S.W.2d 529 (Fort Worth, Tex.Civ.App., 1970, ref., n. r. e.).

By point 25 appellants contend that the denial to Lisa Walsh of a recovery of her future medical expense constitutes a denial of fair trial by jury and a denial of due process under the United States and Texas Constitutions.

By point 26 appellants contend that the special issue system under which the case was tried constitutes a denial of a fair trial by jury and a denial of due process under the United States and Texas Constitutions.

Neither of these points is germane to any assignment of error in appellants' motion for new trial in violation of Rule 374, T.R.C.P. The points were therefore not preserved for appellate review.

In addition to that, the appellants have wholly failed to brief either point and waived them for that reason. Smith v. Davis, supra, and cases therein cited.

In so far as the record shows, the complaint about submitting a special issue charge to the jury in this case is being made by appellants for the first time on appeal. No such objection was made to the trial court and the matter was therefore not passed on by the trial court. These points do not involve fundamental error. For the reason that the matters complained of in points 25 and 26 were not timely raised in the trial court we overrule both points. See 3 Tex.Jur.2d 377, Appeal and Error, Sec. 108.

In addition to what we have said, we hold that the use of the special issue system in submitting a charge to a jury in a case such as this is not unconstitutional and overrule both of these points for that reason also.

We have considered all of appellants' points and overrule them.

The judgment is affirmed.