COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-160-CV

 

 

RUBIN VALDEZ SARABIA,                                                     APPELLANT

INDIVIDUALLY AND AS NEXT

FRIEND OF ANDREW SARABIA

 

                                                   V.

 

JONATHAN MCNAIR                                                              APPELLEE

 

                                              ------------

 

            FROM
THE 17TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  INTRODUCTION








Appellant,
Rubin Valdez Sarabia, individually and as next friend of Andrew Sarabia,
appeals the trial court=s order granting summary
judgment in favor of appellee, Jonathan McNair. 
In one issue, Sarabia argues that the trial court erred by granting
summary judgment in favor of McNair based on McNair=s
affirmative defense of release.  We will
affirm.

II.  BACKGROUND

This
appeal relates to an October 14, 2005 car accident in which Sarabia and his
minor son, Andrew, were in one car and Jonathan McNair drove another.  Sarabia originally filed a personal injury
suit against McNair for his own injuries and damages relating to the accident.  Ultimately, after mediation, Sarabia settled
with McNair and signed a release.  The
release states in part:

[T]he undersigned, [Sarabia and
his spouse,] for themselves, and for their heirs, executors, administrators,
estate, legal representatives, assigns and all others claiming under them
(hereinafter the AReleasing Parties@), do
hereby compromise, settle, remise, release and forever discharge [McNair] of
and from all claims, debts, demands, actions, causes of action, suits, sums of
money, contracts, agreements, judgments and liabilities whatsoever, both at law
and in equity (hereinafter AClaims@), which
the Releasing Parties [Sarabia and his spouse] ever had, now have or may
hereafter have against any of the Released Parties [including McNair], jointly
or severally, for or by reason of any matter, cause or thing whatsoever
occurring prior to the date of this instrument, whether known or unknown,
suspected or unsuspected, whether in the nature of tort, contract, statute, ABad
Faith@ or
otherwise (including but not limited to the handling, investigation,
negotiation, and payment of Claims), . . . and including,
without in any way limiting the generality of the
foregoing, . . . any Claims which in any way relate to,
arise out of or are in any way connected with the allegations that the injuries
and damages sustained by the undersigned, Rubin V. Sarabia, on or about October
14, 2005, were the result of negligence on the part of the Released Parties.








The release goes on to
say:

 

The undersigned and their attorney of record
further understand and agree that they shall pay or be solely responsible for
paying all doctor=s liens (including any
asserted by Lott Chiropractic), hospital liens (including any asserted by
Harris Methodist Fort Worth Hospital), . . . together with drug
or other medical expenses, past and future, incurred by, for or on behalf of
Rubin V. Sarabia . . . .

 

After
execution of the above-mentioned release, Sarabia, both individually and as
next friend of Andrew, filed a second suitCthe suit
that underlies this appealCclaiming
that Andrew was injured in the same accident. 
Sarabia sought, among other relief, recovery for any medical expenses
and lost earning capacity that might accrue prior to Andrew=s
eighteenth birthday.

In his
original answer, McNair raised the affirmative defense of release.
Specifically, McNair answered that Sarabia was foreclosed from bringing his own
individual claim regarding Andrew=s
medical expenses or loss of earnings or earning capacity before his eighteenth
birthday.  McNair then filed for partial
summary judgment based on the release. 
The trial court granted McNair partial summary judgment on those
claims.  Sarabia then nonsuited all
remaining claims, and the district court signed its final judgment.  After Sarabia=s motion
for new trial was overruled by operation of law, he filed this appeal.








III.  SARABIA=S RELEASE

In one
issue, Sarabia argues that the trial court erred by granting summary judgment
in favor of McNair based on McNair=s
affirmative defense of release. Specifically, Sarabia argues that the release
does not bar him from bringing a claim on behalf of his son, Andrew.  Alternatively, Sarabia argues that the
release is ambiguous as to whether it encompasses claims related to Andrew.

McNair
counters that claims relating to Andrew=s
medical expenses and loss of earning capacity are claims belonging to Sarabia,
and the release unambiguously encompasses all claims belonging to Sarabia
related to McNair=s possible negligence during the
car accident; thus, the release forecloses Sarabia from bringing these claims
now.  Therefore, McNair contends, the
trial court was correct by granting summary judgment.  We agree with McNair.








We
review a summary judgment de novo.  Mann
Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848
(Tex. 2009).  We consider the evidence
presented in the light most favorable to the nonmovant, crediting evidence
favorable to the nonmovant if reasonable jurors could, and disregarding
evidence contrary to the nonmovant unless reasonable jurors could not.  Id. 
We indulge every reasonable inference and resolve any doubts in the
nonmovant=s favor.  20801, Inc. v. Parker, 249 S.W.3d 392,
399 (Tex. 2008). A defendant is entitled to summary judgment on an affirmative
defense if the defendant conclusively proves all the elements of the
affirmative defense.  Chau v. Riddle,
254 S.W.3d 453, 455 (Tex. 2008); see Tex. R. Civ. P. 166a(b), (c). To
accomplish this, the defendant-movant must present summary judgment evidence
that establishes each element of the affirmative defense as a matter of
law.  Ryland Group, Inc. v. Hood,
924 S.W.2d 120, 121 (Tex. 1996).

A
release is an agreement or contract in which one party agrees that a legal
right or obligation owed by the other party is surrendered.  Dresser Indus., Inc. v. Page Petroleum,
Inc., 853 S.W.2d 505, 508 (Tex. 1993). 
A release extinguishes a claim or cause of action and is an absolute bar
to any right of action on the released matter. 
Id.  To release a claim
effectively, the releasing instrument must Amention@ the
claim to be released.  Victoria Bank
& Trust Co. v. Brady, 811 S.W.2d 931, 938 (Tex. 1991); see Keck,
Mahin & Cate v. Nat=l Union
Fire Ins. Co. of Pittsburgh, Pa., 20 S.W.3d 692, 698 (Tex.
2000). Claims not clearly within the subject matter of the release are not
discharged, even if those claims exist when the release is executed.  Keck, 20 S.W.3d at 698.  It is not necessary, however, for the parties
to anticipate and explicitly identify every potential cause of action relating
to the subject matter of the release.  Id.








In
construing a release, as with other contracts, the primary effort is to
ascertain and give effect to the intention of the parties to the release,
considering the instrument as a whole.  Stafford
v. Allstate Life Ins. Co., 175 S.W.3d 537, 541 (Tex. App.CTexarkana
2005, no pet.) (reasoning that a contract must be read as a whole rather than
isolating a certain phrase, sentence, or section of the agreement).  The contract=s
language is to be given its plain grammatical meaning unless doing so would
defeat the parties= intent.  Id.

We must
also consider whether the agreement is ambiguous, which is a question of law we
determine from examining the contract as a whole, in light of the circumstances
present when the parties entered into it. 
Grimes v. Andrews, 997 S.W.2d 877, 881 (Tex. App.CWaco
1999, no pet.).  A court may conclude
that a contract is ambiguous even when the parties do not plead ambiguity.  Id. at 881B82.








A
contract is not ambiguous when it is worded so that it can be given a certain
or definite legal meaning or interpretation. 
State Farm Fire & Cas. Co. v. Vaughan, 968 S.W.2d 931, 933
(Tex. 1998).  It is ambiguous only when
its meaning is uncertain and doubtful or it is reasonably susceptible to more
than one meaning.  Grimes, 997
S.W.2d at 882.  An ambiguity does not
arise merely because the parties advance conflicting interpretations.  Id. 
Only when a contract is susceptible to two or more reasonable
interpretations, after applying the applicable rules of contract construction,
will a court hold the contract is ambiguous. 
Id.  If a contract is
ambiguous, then a fact issue exists on the parties= intent,
and summary judgment is improper.  Id.

We
disagree with Sarabia=s contention that the release in
this case is ambiguous.  The language in
the release is broad, encompassing not only Sarbia=s own
claims for medical expenses, but also Aall
claims@
belonging to Sarabia against McNair relating to the accident on AOctober
14, 2005.@ 
The release is not limited to a specific type of claim resulting from
the accident; rather, it specifically states that it encompasses Aany
Claims which in any way relate to, arise out of[,] or are in any way connected@ to the
accident. Therefore, we conclude that the broad release is sufficient to
foreclose all of Sarabia=s claims for damages related to
the accident.  Thus, the trial court was
correct by granting summary judgment if the claims relating to Andrew=s
medical expenses or loss of earnings or earning capacity before his eighteenth
birthday belonged to Sarabia.  These
claims do belong to Sarabia.








Texas
courts have long recognized that a minor has a well‑defined common law
cause of action to sue for injuries negligently inflicted by others. Sax v.
Votteler, 648 S.W.2d 661, 666 (Tex. 1983) (citing Tex. & P. Ry. Co.
v. Morin, 66 Tex. 225, 18 S.W. 503 (1886)); Morrell v. Finke, 184
S.W.3d 257, 262 (Tex. App.CFort
Worth 2005, pet. denied); Fall v. Weber, 47 S.W.2d 365, 366 (Tex. Civ.
App.CDallas
1932, writ ref=d).  But a child=s cause
of action is distinctly separate from the parent=s right
to recover damages for injuries to his child. 
Sax, 648 S.W.2d at 666. 
Although a child may recover damages for pain and suffering, as well as
for other damages he may accrue after he reaches the age of majority, a cause
of action to recover medical expenses incurred by a minor child through the
date the child attains majority and for the loss of services and earnings of an
unemancipated minor belongs to the child=s
parents.  Id. (AHistorically,
in Texas, the right to recover for medical costs incurred in behalf of the
minor is a cause of action belonging to the parents, unless such costs are a
liability as to the minor=s estate.@); Kennedy
v. Mo. Pac. R.R. Co., 778 S.W.2d 552, 555 (Tex. App.CBeaumont
1989, writ denied); Kennedy v. Kennedy, 505 S.W.2d 393, 397 (Tex. Civ.
App.CAustin
1974, no writ); Bering Mfg. Co. v. Peterson, 28 Tex. Civ. App. 194, 67
S.W. 133, 135 (Tex. Civ. App. 1902, writ dism=d).

In this
case, Sarabia=s claims for Andrew=s
medical expenses or loss of earnings or earning capacity before his eighteenth
birthday belonged specifically to Sarabia, not Andrew.  These claims arose out of the October 14,
2005 accident involving McNair and were specifically addressed in the release.
Therefore, McNair conclusively proved his affirmative defense of release, and
the trial court did not err by granting summary judgment.  Thus, we overrule Sarabia=s sole
issue.








IV.  CONCLUSION

Having
overruled Sarabia=s sole issue, we affirm the
trial court=s judgment.

 

BILL MEIER

JUSTICE

 

PANEL:  DAUPHINOT, MCCOY, and
MEIER, JJ.

 

DELIVERED:  April 8, 2010











[1]See Tex. R. App. P. 47.4.