

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-09-160-CV

RUBIN VALDEZ SARABIA,                                              APPELLANT
INDIVIDUALLY AND AS NEXT
FRIEND OF ANDREW SARABIA

V.

JONATHAN MCNAIR                                                    APPELLEE

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. INTRODUCTION

Appellant, Rubin Valdez Sarabia, individually and as next friend of Andrew

Sarabia, appeals the trial court's order granting summary judgment in favor of

appellee, Jonathan McNair.  In one issue, Sarabia argues that the trial court

---

[1] *See* Tex. R. App. P. 47.4.

erred by granting summary judgment in favor of McNair based on McNair's affirmative defense of release. We will affirm.

## II. BACKGROUND

This appeal relates to an October 14, 2005 car accident in which Sarabia and his minor son, Andrew, were in one car and Jonathan McNair drove another. Sarabia originally filed a personal injury suit against McNair for his own injuries and damages relating to the accident. Ultimately, after mediation, Sarabia settled with McNair and signed a release. The release states in part:

> [T]he undersigned, [Sarabia and his spouse,] for themselves, and for their heirs, executors, administrators, estate, legal representatives, assigns and all others claiming under them (hereinafter the "Releasing Parties"), do hereby compromise, settle, remise, release and forever discharge [McNair] of and from all claims, debts, demands, actions, causes of action, suits, sums of money, contracts, agreements, judgments and liabilities whatsoever, both at law and in equity (hereinafter "Claims"), which the Releasing Parties [Sarabia and his spouse] ever had, now have or may hereafter have against any of the Released Parties [including McNair], jointly or severally, for or by reason of any matter, cause or thing whatsoever occurring prior to the date of this instrument, whether known or unknown, suspected or unsuspected, whether in the nature of tort, contract, statute, "Bad Faith" or otherwise (including but not limited to the handling, investigation, negotiation, and payment of Claims), . . . and including, without in any way limiting the generality of the foregoing, . . . any Claims which in any way relate to, arise out of or are in any way connected with the allegations that the injuries and damages sustained by the undersigned, Rubin V. Sarabia, on or about October 14, 2005, were the result of negligence on the part of the Released Parties.

The release goes on to say:

> The undersigned and their attorney of record further understand and agree that they shall pay or be solely responsible for paying all doctor's liens (including any asserted by Lott Chiropractic), hospital liens (including any asserted by Harris Methodist Fort Worth Hospital), . . . together with drug or other medical expenses, past and future, incurred by, for or on behalf of Rubin V. Sarabia . . . .

After execution of the above-mentioned release, Sarabia, both individually and as next friend of Andrew, filed a second suit—the suit that underlies this appeal—claiming that Andrew was injured in the same accident. Sarabia sought, among other relief, recovery for any medical expenses and lost earning capacity that might accrue prior to Andrew's eighteenth birthday.

In his original answer, McNair raised the affirmative defense of release. Specifically, McNair answered that Sarabia was foreclosed from bringing his own individual claim regarding Andrew's medical expenses or loss of earnings or earning capacity before his eighteenth birthday. McNair then filed for partial summary judgment based on the release. The trial court granted McNair partial summary judgment on those claims. Sarabia then nonsuited all remaining claims, and the district court signed its final judgment. After Sarabia's motion for new trial was overruled by operation of law, he filed this appeal.

### III. SARABIA'S RELEASE

In one issue, Sarabia argues that the trial court erred by granting summary judgment in favor of McNair based on McNair's affirmative defense of release. Specifically, Sarabia argues that the release does not bar him from bringing a claim on behalf of his son, Andrew. Alternatively, Sarabia argues that the release is ambiguous as to whether it encompasses claims related to Andrew.

McNair counters that claims relating to Andrew's medical expenses and loss of earning capacity are claims belonging to Sarabia, and the release unambiguously encompasses all claims belonging to Sarabia related to McNair's possible negligence during the car accident; thus, the release forecloses Sarabia from bringing these claims now. Therefore, McNair contends, the trial court was correct by granting summary judgment. We agree with McNair.

We review a summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Id.* We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant is entitled to summary judgment on an affirmative defense if the

defendant conclusively proves all the elements of the affirmative defense. *Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008); *see* Tex. R. Civ. P. 166a(b), (c). To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law. *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex. 1996).

A release is an agreement or contract in which one party agrees that a legal right or obligation owed by the other party is surrendered. *Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex. 1993). A release extinguishes a claim or cause of action and is an absolute bar to any right of action on the released matter. *Id.* To release a claim effectively, the releasing instrument must "mention" the claim to be released. *Victoria Bank & Trust Co. v. Brady*, 811 S.W.2d 931, 938 (Tex. 1991); *see Keck, Mahin & Cate v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 20 S.W.3d 692, 698 (Tex. 2000). Claims not clearly within the subject matter of the release are not discharged, even if those claims exist when the release is executed. *Keck,* 20 S.W.3d at 698. It is not necessary, however, for the parties to anticipate and explicitly identify every potential cause of action relating to the subject matter of the release. *Id.*

In construing a release, as with other contracts, the primary effort is to ascertain and give effect to the intention of the parties to the release,

5

considering the instrument as a whole. *Stafford v. Allstate Life Ins. Co.*, 175 S.W.3d 537, 541 (Tex. App.—Texarkana 2005, no pet.) (reasoning that a contract must be read as a whole rather than isolating a certain phrase, sentence, or section of the agreement). The contract's language is to be given its plain grammatical meaning unless doing so would defeat the parties' intent. *Id.*

We must also consider whether the agreement is ambiguous, which is a question of law we determine from examining the contract as a whole, in light of the circumstances present when the parties entered into it. *Grimes v. Andrews*, 997 S.W.2d 877, 881 (Tex. App.—Waco 1999, no pet.). A court may conclude that a contract is ambiguous even when the parties do not plead ambiguity. *Id.* at 881–82.

A contract is not ambiguous when it is worded so that it can be given a certain or definite legal meaning or interpretation. *State Farm Fire & Cas. Co. v. Vaughan*, 968 S.W.2d 931, 933 (Tex. 1998). It is ambiguous only when its meaning is uncertain and doubtful or it is reasonably susceptible to more than one meaning. *Grimes*, 997 S.W.2d at 882. An ambiguity does not arise merely because the parties advance conflicting interpretations. *Id.* Only when a contract is susceptible to two or more reasonable interpretations, after applying the applicable rules of contract construction, will a court hold the contract is

ambiguous. *Id.* If a contract is ambiguous, then a fact issue exists on the parties' intent, and summary judgment is improper. *Id.*

We disagree with Sarabia's contention that the release in this case is ambiguous. The language in the release is broad, encompassing not only Sarbia's own claims for medical expenses, but also "all claims" belonging to Sarabia against McNair relating to the accident on "October 14, 2005." The release is not limited to a specific type of claim resulting from the accident; rather, it specifically states that it encompasses "any Claims which in any way relate to, arise out of[,] or are in any way connected" to the accident. Therefore, we conclude that the broad release is sufficient to foreclose all of Sarabia's claims for damages related to the accident. Thus, the trial court was correct by granting summary judgment if the claims relating to Andrew's medical expenses or loss of earnings or earning capacity before his eighteenth birthday belonged to Sarabia. These claims do belong to Sarabia.

Texas courts have long recognized that a minor has a well-defined common law cause of action to sue for injuries negligently inflicted by others. *Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex. 1983) (citing *Tex. & P. Ry. Co. v. Morin*, 66 Tex. 225, 18 S.W. 503 (1886)); *Morrell v. Finke*, 184 S.W.3d 257, 262 (Tex. App.—Fort Worth 2005, pet. denied); *Fall v. Weber*, 47 S.W.2d 365, 366 (Tex. Civ. App.—Dallas 1932, writ ref'd). But a child's cause of

7

action is distinctly separate from the parent's right to recover damages for injuries to his child. *Sax,* 648 S.W.2d at 666. Although a child may recover damages for pain and suffering, as well as for other damages he may accrue after he reaches the age of majority, a cause of action to recover medical expenses incurred by a minor child through the date the child attains majority and for the loss of services and earnings of an unemancipated minor belongs to the child's parents. *Id.* ("Historically, in Texas, the right to recover for medical costs incurred in behalf of the minor is a cause of action belonging to the parents, unless such costs are a liability as to the minor's estate."); *Kennedy v. Mo. Pac. R.R. Co.*, 778 S.W.2d 552, 555 (Tex. App.—Beaumont 1989, writ denied); *Kennedy v. Kennedy*, 505 S.W.2d 393, 397 (Tex. Civ. App.—Austin 1974, no writ); *Bering Mfg. Co. v. Peterson*, 28 Tex. Civ. App. 194, 67 S.W. 133, 135 (Tex. Civ. App. 1902, writ dism'd).

In this case, Sarabia's claims for Andrew's medical expenses or loss of earnings or earning capacity before his eighteenth birthday belonged specifically to Sarabia, not Andrew. These claims arose out of the October 14, 2005 accident involving McNair and were specifically addressed in the release. Therefore, McNair conclusively proved his affirmative defense of release, and the trial court did not err by granting summary judgment. Thus, we overrule Sarabia's sole issue.

8

IV. CONCLUSION

Having overruled Sarabia's sole issue, we affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL:  DAUPHINOT, MCCOY, and MEIER, JJ.

DELIVERED:  April 8, 2010